ONE THOUSAND BATES REDEVELOPMENT CORPORATION, Plaintiff/Respondent,

v.

Gerald H. GUELKER, Defendant/Appellant.

No. 64529.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 13, 1994.

Henry B. Robertson, St. Louis, for appellant.

Lisa C. Toarmina, St. Louis, for respondent.

GRIMM, Presiding Judge.

In this jury-tried[1] case, Landowner appeals from a judgment awarding him less damages for the condemnation of his property than he sought. We affirm.

Landowner raises four points. He alleges the trial court erred in: (1) excluding his loan application from evidence, (2) denying his motion to exclude three witnesses from testifying, (3) entering an untimely judgment, and (4) awarding prejudgment interest to Condemnor instead of to Landowner.

### I. Background

About 1980, Landowner purchased certain real property located at the corner of Bates Street and Louisiana Avenue in St. Louis City. At that time, a building was on the property. The ground floor was rented to various small businesses; the upstairs contained apartments which were rented to individuals.

In 1984, a fire occurred on the premises. After the fire, the building remained unoccupied and uninhabitable.

In 1990, Condemnor filed its petition. The trial court entered an order of condemnation and appointed commissioners. On February 1, 1991, they assessed $81,227 damages. Landowner filed exceptions to this award.

On May 29, 1991, Condemnor deposited the amount of the Commissioners' award with the court. On June 3, Landowner requested and received payment of the award. Two years later, on June 30, 1993, the jury assessed damages of $60,000.

### II. Exclusion of Exhibit

In his first point, Landowner alleges the "trial court abused its discretion in excluding

---

1. Appellant's present counsel did not represent him at trial.

Exhibit B, [his] loan application, because it was admissible to corroborate his testimony, show that he had taken concrete steps to enhance the value of his property, and rebut an issue injected by [Condemnor]."

In this type of case, the only issue is that of just compensation, frequently referred to as damages. *State ex rel. State Hwy. Comm'n v. Thurman*, 552 S.W.2d 42, 44 (Mo. App.E.D.1977). Generally, just compensation "is the 'fair market value' of the property at the time of the taking." *City of St. Louis v. Union Quarry & Constr. Co.*, 394 S.W.2d 300, 305 (Mo.Div. 1 1965).

We recognize that the admission or exclusion of evidence "is within the discretion of the trial court and errors in such determination will not ordinarily result in reversal unless there is substantial or glaring injustice." *State ex rel. Mo. Hwy. & Transp. Comm'n v. Kuhlmann*, 830 S.W.2d 569, 571 (Mo.App. E.D.1992).

■ At trial, Landowner offered the loan application as an exhibit; Condemnor's objection was sustained. Landowner's attorney then stated, "[I]t's not being offered to show that the loan application was rejected. I want to show the efforts [Landowner] took relative to that property and what he wanted to do with it."

In response, the trial court noted that the only issue was damages. Further, it observed that the exhibit was speculative and that Landowner's intentions were of no value in aiding the jury in assessing just compensation for the property.

The loan application was completed in January, 1988, more than two years before the condemnation petition was filed. As the trial court noted, its existence would not aid the jury in determining just compensation.

■ Further, even if the trial court erred, Landowner was not prejudiced by the exclusion of the exhibit. Landowner presented other evidence that he intended to rehabilitate the property. This evidence included the securing of architectural plans, costs of construction, letters of recommendation, and the fact that the project was refused due to lack of funds. "Any error in the exclusion of any evidence is ... harmless if the same facts are shown by other evidence and exhibits." *Around The World Importing, Inc. v. Mercantile Trust Co.*, 795 S.W.2d 85, 89 (Mo. App.E.D.1990). Point denied.

### III. Motion to Exclude Witnesses

In his second point, Landowner alleges the "trial court abused its discretion by denying [his] motion to exclude [three witnesses], because they were disclosed in violation of [Condemnor's] duty to update its answers to interrogatories, subjecting [him] to surprise and prejudice." He contends that Condemnor "offered no excuse for failing to disclose them until the day before trial, which was not seasonable." Further, he argues that their "testimony tended to devalue [his] property, and he was denied a fair opportunity to confront them by taking their depositions...."

A trial court has broad discretion to choose a course of action when evidence is challenged on the ground that it has not been timely disclosed in answers to interrogatories. *State ex rel. Hwy. & Transp. Comm'n v. Dooley*, 738 S.W.2d 457, 462 (Mo.App.E.D. 1987). Here, three days before trial, Condemnor hand-delivered to Landowner a supplemental answer to an interrogatory. The answer listed three witnesses Condemnor intended to call relative to the value or condition of the condemned property.

On the second day of trial, Landowner asked that "these three witnesses be stricken by the court and not be permitted to testify." Landowner's counsel acknowledged that he had talked with one of the witnesses and examined her file.

The trial court denied the motion to strike. However, it indicated to Landowner's counsel that it would give him an opportunity to interview the witnesses if he wanted that opportunity. Landowner's counsel replied that he did not.

■ The trial court did not abuse its broad discretion in permitting these additional witnesses to testify. In *Gassen v. Woy*, 785 S.W.2d 601 (Mo.App.W.D.1990), a similar problem arose. There, as here, the trial court indicated a willingness to permit coun-

sel to interview a witness before the witness testified. There, as here, counsel declined to do so. In rejecting appellant's claim, the *Gassen* court stated that counsel should have availed herself of this opportunity and, if the result was not satisfactory, seek additional relief. *Id.* at 604. Upon her refusal to do so, relief was denied.

We agree with this reasoning and conclude that the remedy offered by the trial court here was reasonable under the facts before us. *See also Crompton v. Curtis–Toledo, Inc.*, 661 S.W.2d 645, 651 (Mo.App.E.D.1983) (suggesting that an opportunity to interview is an appropriate remedy). Further, this remedy was particularly appropriate here, where Landowner did not object at the first opportunity to do so. Instead, he waited until the second day of trial.

The trial court did not abuse its discretion. Point denied.

### IV. Entry of Judgment

In his third point, Landowner alleges the "trial court erred in entering its 'judgment' because it was void for being untimely entered without authority or jurisdiction, without support in evidence, and without notice or opportunity for [Landowner] to be heard. The court had lost control of the judgment because it had overruled the motion for new trial, and [Landowner] had filed his notice of appeal."

For ease of understanding, the relevant procedural history is as follows.

1. May 29, 1991: Condemnor deposits the amount of the Commissioners' award ($81,227) with the trial court.
2. June 4, 1991: Court pays Landowner the award.
3. June 30, 1993: Jury returns its verdict, assessing damages of $60,000.
4. July 8, 1993: Landowner files Motion for New Trial; Condemnor files Motion for Order of Judgment, seeking the difference between the amount it deposited with the court and the verdict, plus interest.
5. July 30, 1993: Trial court denies Landowner's Motion for New Trial and takes Condemnor's motion under submission.

Parties given until August 6 to submit suggestions.

6. August 9, 1993: Landowner files Notice of Appeal.
7. August 11, 1993: Trial court sustains Condemnor's motion, entering judgment for: (1) Condemnor in the amount of $22,754.69, (2) Collector of Revenue Leggett in the amount of $1,541.77, and (3) Metropolitan Sewer District in the amount of $1,160.09.

We first observe that a jury verdict is not a judgment. *See* Rule 78.04. Section 512.-020, RSMo 1986, permits appeals from certain orders and judgments. Nothing in this statute permits an appeal from a jury verdict.

■ Landowner contends that when the trial court overruled his motion for new trial on July 30, the trial court "had no jurisdiction or authority to enter" a judgment thereafter. We are somewhat perplexed by Landowner's argument. If we accepted his argument and carried it to its logical conclusion, we would be required to dismiss his appeal because there would be no judgment before us.

Next we observe that the trial court entered judgment on August 11. Pursuant to Rule 78.04 which directs that the "judgment shall be entered as of the date of the verdict," the judgment reflects the June 30 jury verdict. That judgment declares the amount of the difference between the commissioners' award and the jury verdict, and computes the interest thereon.

In *State ex rel. State Highway Commission v. Lynch*, 471 S.W.2d 261 (Mo.Div. 1 1971), the jury returned its verdict on December 13, 1968. On December 20, Lynch filed a motion for new trial. On December 23, the Commission submitted a judgment form to which Lynch objected. On March 17, 1969, the trial court took up the motion and objections. The following day, it entered the judgment which formed the basis for the appeal. *Id.* at 264.

The *Lynch* court noted that § 523.045 eliminated the necessity of having the jury include interest in its verdict. *Id.* at 265.

That court concluded that "the judgment here entered was within the authority of the trial court which acted timely in the premises." *Id.* We conclude that the trial court's judgment is not void.

Landowner, in this point relied on, also challenges the trial court's judgment as it pertains to the St. Louis City Collector of Revenue and the Metropolitan Sewer District. Both were parties to this action and each filed motions seeking a portion of the original award.

The legal file reflects that these motions were "called, argued and sustained." These rulings by the trial court, Judge James L. Sanders presiding, occurred several months prior to the jury trial. Landowner's motion for new trial did not allege any error concerning these rulings. This allegation of error is not preserved. Rule 78.07. Point denied.

### V. Prejudgment Interest

In his fourth point, Landowner alleges the "trial court erred in awarding prejudgment interest to [Condemnor] because the applicable law makes it payable from [Condemnor] to [Landowner]. By the plain terms of [§ 523.045], made applicable by Rule 86.10, [Condemnor] owes [Landowner] interest because it failed to pay the amount of the Commissioners' award within thirty days of the filing of the Commissioners' report."

Landowner basically contends that the first sentence of § 523.045 imposes a penalty on a condemning authority if the commissioners' award is not paid within thirty days of the commissioners' report. We disagree with his interpretation.

Section 523.045 contains three sentences; each involves a different factual situation. The first sentence concerns a situation where the condemnor does not pay the award or timely abandon the condemnation. In such situation, interest is added from the date the commissioners' report was filed to the date of jury verdict.

The second sentence concerns a situation where the condemning authority pays the award. It provides for the amount of the award to be increased or decreased following the jury's verdict, plus the payment of interest.

The third sentence concerns a situation where the condemning authority does not pay the award and ultimately abandons the project. In such a situation, interest is assessed against the condemning authority from the date the commissioners' report was filed until the date the abandonment election is filed.

Each of the three sentences contains a similar opening clause. It says: "If, within thirty days after the filing of any condemnation commissioners' report." It is this opening clause in the first sentence which is the basis of Landowner's claim. He argues that failure to meet the 30 day deadline entitles him "to prejudgment interest from February 6, 1991, according to the plain meaning of the statute."

The first sentence of § 523.045 states:

If, within thirty days after the filing of any condemnation commissioners' report under the provisions of section 523.040, the *condemnor shall have neither paid the amount of the commissioners' award* to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for such named persons nor timely filed its written election to abandon the proposed appropriation of said property or rights, *then interest on the amount of any subsequent verdict* for said named persons, ... at the rate of six percent per annum from the date of filing the report *shall be added to said verdict* or award and paid to said named person or to the clerk for them.

(Emphasis added).

Landowner's argument is misdirected. As indicated above, the first sentence is designed for those situations where the award is not paid and a verdict is rendered. Here, Condemnor paid the award and a jury rendered a verdict. Thus, the first sentence is not applicable. Rather, the second sentence is controlling.

The second sentence provides that if the subsequent verdict is smaller than the original award, "then judgment shall be entered against [the property owner] to repay to

condemnor the amount by which the award paid exceeds the amount of the verdict, with six percent interest on such excess payment from the date of the payment of the award." In accordance with this sentence, the trial court appropriately entered judgment against Landowner for the difference between the commissioners' award and the jury verdict, plus six percent interest on that difference.

However, Condemnor did not pay the commissioners' award within thirty days after the report was filed, as required by § 523.045. The statute is silent as to what relief should be given a property owner when that occurs. Here, Condemnor proposed to the trial court that Landowner be credited with six percent interest on $60,000 (jury verdict) from February 1, 1991 (date commissioners' report filed) to May 29, 1991 (date Condemnor paid award). The trial court accepted this proposal and gave Landowner a credit of $1,163.48 on the amount Landowner owes Condemnor. This appears to be fair and equitable; otherwise, Landowner would be receiving interest on money that was already in his possession. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.