Patricia **NEAL–MORENO** and **Arthur Moreno, individually and a/n/f Gabriel Moreno and Sarah Moreno, Appellants,**

v.

**Dave W. KITTRELL M.D., Appellee.**

No. 04–98–00759–CV.

Court of Appeals of Texas, San Antonio.

April 25, 2001.

Carol P. Lomax, Branton & Hall, P.C., San Antonio, for Appellant.

George F. Evans, Jr., Evans, Rowe & Rocheleau, P.C., San Antonio, Linda C. Breck, Thomas F. Nye, Corpus Christi, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, ALMA L. LÓPEZ, CATHERINE STONE, PAUL W. GREEN, SARAH B. DUNCAN, KAREN ANGELINI, Justices.

## OPINION ON APPELLANTS' MOTION FOR REHEARING EN BANC

TOM RICKHOFF, Justice.

In an opinion and judgment dated May 28, 1999, we affirmed the trial court's judgment in favor of Dr. Dave W. Kittrell, the defendant below and appellee here. Patricia Neal–Moreno, the plaintiff below and appellant here, filed a motion for rehearing en banc. We grant the motion, withdraw our opinion and judgment of May 28, 1999, and issue this opinion and judgment in its place. We hold that Neal–Moreno's claims against Kittrell were not time-barred.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 1995, Neal–Moreno saw Kittrell regarding her irregular menses. A May 1, 1995 pap smear revealed "atypical cells of undetermined significance." Neal–Moreno was pregnant when the pap smear was taken, and on December 14, 1995, she gave birth to her baby. In July 1996, Neal–Moreno returned to Kittrell, complaining about bleeding since her child's birth. On July 30, 1996, Kittrell performed an emergency endometrial biopsy, revealing squamous cell carcinoma (cervical cancer).

On August 5, 1997, Neal–Moreno sued Kittrell, contending Kittrell was negligent in his care and treatment of her. Kittrell moved for summary judgment on the grounds that the statute of limitations barred Neal–Moreno's suit. The trial court rendered summary judgment in favor of Kittrell, without stating its grounds. This appeal by Neal–Moreno ensued.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied). We will uphold a summary judgment only if the record establishes that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law on a ground set forth in the motion. Tex.R. Civ. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995). When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

A defendant who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment. *Cathey*, 900 S.W.2d at 341. Once a movant establishes its right to summary judgment on the basis of an affirmative defense, the nonmovant must respond with reasons for avoiding summary judgment and must support those reasons with proof sufficient to raise a fact issue. *Cummings v. HCA Health Servs.*, 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ). If the nonmovant responds with

proof of a basis for avoiding the movant's affirmative defense, the movant then has the burden to negate the nonmovant's ground for avoidance as a matter of law. *Id.*

### ACCRUAL OF NEAL–MORENO'S CAUSE OF ACTION

■ As the summary judgment movant, it was Kittrell's burden to establish that Neal–Moreno's cause of action accrued before August 5, 1995. *Rowntree v. Hunsucker*, 833 S.W.2d 103, 106 (Tex. 1992). In a case such as this, a cause of action accrues on one of three dates: (1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. *Id.* at 104; TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2000). If the date of the breach or tort is ascertainable, the two-year period of limitations begins to run from that date. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987). If the record establishes that a physician had a duty to follow up on a patient's complaint each time he saw her, the statute of limitations does not begin to run until the last visit in which the physician fails to diagnose the condition to which the complaint relates. *Chambers v. Conaway*, 883 S.W.2d 156, 158–59 (Tex.1993). When a claim accrues is a question of law and not fact. *Id.* at 159.

In his motion for summary judgment, Kittrell contended the date of the negligence alleged by Neal–Moreno is ascertainable—May 1, 1995, when he performed the first pap smear; therefore, he argued, the statute of limitations began to run on that date. We disagree. Neal–Moreno's cause of action accrued on the date of her last examination by Kittrell immediately following the December 14, 1995 birth of her child—December 16, 1995. *See Chambers,* 883 S.W.2d at 158.

■ In *Chambers,* as in this case, the plaintiff sued her doctor for failing to diagnose her cancer, and the doctor moved for summary judgment on the ground the plaintiff's claim was barred by limitations. *Id.* at 157. The Supreme Court concluded the plaintiff's claim was not barred. *Id.* at 158. The Court reasoned that the summary judgment evidence established the doctor breached a continuing duty to care for, monitor, and treat the condition of which he had notice, *i.e.,* the lump in plaintiff's breast, and this negligence continued "up to the last appointment between them on January 19, 1988, a date less than two years before [the plaintiff] commenced her claim," *id.,* even though the January 19, 1988 appointment was for a complaint unrelated to the lump. *Id.* at 157. So it is here. For so long as Kittrell continued to treat Neal–Moreno, he owed her a continuing duty to care for and monitor the condition of which he had notice, *i.e.,* the abnormal pap smear. Indeed, the only material distinction between *Chambers* and this case is that Conaway, unlike Neal–Moreno, responded to the motion for summary judgment with a doctor's affidavit establishing the defendant-doctor breached a continuing duty to perform follow-up tests, care for, monitor, and treat those conditions of which the doctor had notice. Under those circumstances, the Court stated:

> If Dr. Spoll's opinions and conclusions are to be accepted, they tend to establish that Dr. Chambers was negligent in his care of Mrs. Conaway up to the last appointment between them on January 19, 1988, a date less than two years before Mrs. Conaway commenced her claim.

*Id.* at 158. Here, Neal–Moreno did not tender an expert affidavit establishing Kittrell breached a continuing duty to

perform follow-up diagnostic tests, care for, monitor, or treat the cancer suggested by the abnormal pap smear. However, that duty and breach are established by other summary judgment evidence. For instance, Kittrell's records contain the May 3, 1995 pap smear results, which recommended an "endocervical curettage, if clinically indicated," and which bore the handwritten notation "Repeat Pap after childbirth." Similarly, an August 2, 1996 facsimile bearing Kittrell's signature states that Neal–Moreno "had a history of an abnormal pap smear 5–1–95 and had been informed that further evaluation would need to be done after the birth of her baby." Finally, the breach is established by Neal–Moreno's affidavit, which states she was not informed of or treated for the condition first indicated by the abnormal pap smear until July 30, 1996.

## CONCLUSION

Because Dr. Kittrell did not establish as a matter of law that the statute of limitations barred the suit against him, he is not entitled to summary judgment. We therefore sustain Neal–Moreno's sole point of error, and reverse the trial court's judgment and remand for further proceedings.