ACCEPTED
04-15-00061-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/2/2015 4:51:34 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00061-CV

### IN THE FOURTH COURT OF APPEALS
### AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/2/2015 4:51:34 PM
KEITH E. HOTTLE
Clerk

### RAVI BOTLA, M.D.,
**Appellant,**

**v.**

### SALVADOR DEL TORO, JR.,
**Appellee.**

### On Appeal from the 131st District Court
### Bexar County, Texas, Cause No. 2013-CI-19135
### (Hon. Peter Sakai)

### APPELLANT'S REPLY TO RESPONSE IN OPPOSITION TO MOTION TO STAY TRIAL

Respectfully submitted,

**COOPER & SCULLY, P.C.**

**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**MICHELLE E. ROBBERSON**
michelle.robberson@cooperscully.com
Texas Bar No. 16982900

900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**EVANS, ROWE**
**& HOLBROOK, P.C.**

**BRETT B. ROWE**
bbrowe@evans-rowe.com
Texas Bar No. 17331750
**NICKI K.ELGIE**
nelgie@evans-rowe.com
Texas Bar No. 24069670

10101 Reunion Place, Suite 900
San Antonio, Texas 78216
(210) 384-3271
(210) 340-6664 (fax)

### COUNSEL FOR APPELLANT

---

IN THE FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

---

RAVI BOTLA, M.D.,
Appellant,

v.

SALVADOR DEL TORO, JR.,
Appellee.

---

On Appeal from the 131st District Court
Bexar County, Texas, Cause No. 2013-CI-19135
(Hon. Peter Sakai)

---

APPELLANT'S REPLY TO RESPONSE IN OPPOSITION TO MOTION
TO STAY TRIAL

---

TO THE HONORABLE JUSTICES OF THE
SAN ANTONIO COURT OF APPEALS:

Defendant/Appellant Ravi Botla, M.D. ("Appellant" or "Dr. Botla") files

this Reply to the Response in Opposition of Plaintiff/Appellee Salvador Del Toro,

Jr. ("Plaintiff") to Appellant's Motion to Stay Trial. In support of his Motion, Dr.

Botla respectfully replies as follows:

## I.    BACKGROUND

1.    Plaintiff filed a health care liability claim against Dr. Botla in the case

styled, No. 2013-CI-19135, *Salvador Del Toro, Jr. v. Gerardo E. Carcamo, M.D.*

*and Ravi Botla, M.D.*, in the 131ˢᵗ District Court of Bexar County, Texas (the "underlying suit"). Plaintiff sued Dr. Carcamo first and then added a health care liability claim against Dr. Botla in his First Amended Original Petition. In the underlying suit, Dr. Botla asserts that Plaintiff's claim is barred by the statute of limitations contained in section 74.251 of the Texas Civil Practice & Remedies Code.

2.     Dr. Botla moved for summary judgment on his affirmative defense of limitations, and the trial court, the Hon. Peter Sakai, denied his motion. Judge Sakai, however, granted Dr. Botla's motion for permission to appeal the interlocutory order denying his motion, and Judge Sakai made the findings required by section 51.014(d) of the Texas Civil Practice & Remedies Code in his January 22, 2015 Order Denying Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. and Granting Permission to Appeal (the "Order").

3.     On February 6, 2015, Dr. Botla timely filed with this Court his Petition seeking permission to appeal the Order, and concurrently filed his Motion to Stay Trial, moving this Court to temporarily stay the trial of the underlying suit – currently set for April 6, 2015 – while the Court considers and rules upon Dr. Botla's Petition and, if the Court grants permission to appeal, while the Court considers and rules upon Dr. Botla's interlocutory appeal. *See* TEX. CIV. PRAC. &

REM. CODE § 51.014(e)(2) (permissive appeal under section 51.014(d) does not stay trial court proceedings unless trial or appellate court orders a stay of proceedings pending the appeal). This is the first trial setting in this case.

4.     On February 23, 2015, Plaintiff filed his Response in Opposition to Appellant's Motion to Stay Trial. Plaintiff asks the Court to deny the Motion because, according to Plaintiff, both the request to appeal and the appeal itself lack merit. (Resp. 9). Plaintiff also seeks denial of the Motion as "premature," asserting that the trial date, April 6, 2015, is six weeks away, and during those six weeks, the parties will be complying with other pretrial deadlines established by the trial court's docket control order. (*See id.*).

## II.     ARGUMENT IN REPLY

### A.     Dr. Botla's Issues Present Controlling Issues of Law on Which There Are Substantial Grounds for Differences of Opinion or Present Controlling Issues of Law that are Matters of First Impression

5.     Plaintiff argues that no stay is required because Dr. Botla's request for permissive appeal "lacks merit." Plaintiff incorporates into his Response to the Motion to Stay Trial many of the same arguments he made in his Response in Opposition to Dr. Botla's Petition for Permission to Appeal. Dr. Botla has filed his Reply to that Response, contemporaneously with this Reply, and Dr. Botla incorporates herein his reply arguments and authorities.

6.     In a nutshell, Dr. Botla disagrees that his issues for permissive appeal lack merit and, to the contrary, asserts they satisfy the criteria for permissive appeal:  they present controlling issues of law on which there are substantial grounds for difference of opinion, and the resolution of those issues may materially advance the ultimate termination of the litigation (*i.e.*, if Dr. Botla is correct, Plaintiff's health care liability claim against him is barred by limitations and must be dismissed).  TEX. CIV. PRAC. & REM. CODE § 51.014(d).

7.     The first issue is whether a medical authorization provided to Dr. Botla's co-defendant (Dr. Carcamo) was sufficient to toll limitations for 75 days as to Dr. Botla.  It is undisputed that Plaintiff did not sue Dr. Botla within the absolute two-year statute of limitations in section 74.251 of the Texas Civil Practice & Remedies Code.  Thus, Plaintiff's claim against Dr. Botla is time-barred unless Plaintiff gets the benefit of the 75-day tolling provision in section 74.051(c).[1] Plaintiff claims this issue presents no controlling issue of law on which there are substantial grounds for differences of opinion because, according to Plaintiff, the courts of appeals are just applying the same controlling law to different sets of facts. (Resp. 2).  Dr. Botla disagrees.

---

[1]     And, even then, Plaintiff's claim may be time-barred, which is the topic of the second issue for which Dr. Botla seeks permission to appeal.

8.     A genuine conflict exists among courts of appeals on this issue. The El Paso Court of Appeals held, in an opinion issued before the Texas Supreme Court's interpretation of the key notice provisions in *Carreras v. Marroquin*, 339 S.W.3d 68 (Tex. 2011), that an admittedly defective authorization (which omitted information required by the statute and did not identify which providers could access the records) still "carries out the Legislature's intent" behind the section 74.051 and 74.052 notice provisions and triggers the 75-day tolling of the statute of limitations. *Rabatin v. Kidd*, 281 S.W.3d 558, 560-62 (Tex. App.—El Paso 2008, no pet.). The Houston First Court of Appeals, on the other hand, held after *Carrerras v. Marroquin* that a medical authorization that omits required information and only allows release of records to plaintiff's counsel (the same defects in Plaintiff's medical authorization at issue here) does not satisfy the legislative intent behind the notice provisions and does not trigger the 75-day tolling period. *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 837-38 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). This split in authority[2] fulfills the first requirement for a permissive appeal in this case, and this Court should take the appeal and decide whether the trial court properly interpreted and applied the statutes to Plaintiff's medical authorization in this case.

---

[2]     As discussed in Dr. Botla's Petition and his Reply to Response to Petition, numerous other opinions reach the same result as *Mitchell*.

9. If the trial court properly applied the statute and properly concluded that the medical authorization triggered the 75-day tolling of limitations as to Dr. Botla, which Dr. Botla does not concede, then this Court also should consider the second issue on which Dr. Botla seeks permission to appeal: whether Plaintiff timely sued Dr. Botla on March 3, 2014, which was two years and 76 days after his claim accrued. Plaintiff asserts this issue is not ripe for permissive appeal because the issue of when the claim accrued is a fact issue. (Resp. 5). This is not correct – the issue of when a health care liability claim accrues is a question of law. *E.g.*, *Chambers v. Conaway*, 883 S.W.2d 156, 159 (Tex. 1993); *Neal-Moreno v. Kittrell*, 52 S.W.3d 782, 785 (Tex. App.—San Antonio 2001, pet. denied).

10. Nonetheless, Dr. Botla seeks permission to appeal only the issue of whether, if Plaintiff's health care liability claim accrued on December 17, 2011, Plaintiff had to file suit on or before March 2, 2014 (two years and 75 days later) or whether rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code extended the absolute Chapter 74 statute of limitations an extra day (from Sunday, March 2, 2014 to Monday, March 3, 2014), such that Plaintiff timely filed his claim against Dr. Botla. The trial court expressly ruled on this issue in its Order granting permissive appeal. (Apx. Tab A at 2). Dr. Botla does not contest the trial court's ruling that, if Plaintiff's claim

accrued on December 18, 2014 or thereafter, Plaintiff timely sued Dr. Botla on March 3, 2014. (*See id.*).

11. Dr. Botla asserts that the issue of whether the absolute statute of limitations in the medical malpractice statute can be extended by a civil procedure rule or competing statute is a matter of first impression in Texas. Section 74.251 (the limitations provision) and its predecessor, section 10.01 of former article 4590i, expressly state that the statute applies "notwithstanding any other law," and the sections have been interpreted as foreclosing the operation of any other statute that would otherwise extend limitations. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 413 (Tex. 2011) (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 829-30 (Tex. 1999)).

12. Research revealed no Texas case squarely addressing this limitations issue,[3] and issues of first impression are appropriate for resolution via permissive appeal. *See, e.g., Belehu v. Lawniczak*, 437 S.W.3d 913, 915 (Tex. App.—

---

[3] The footnote cited by Plaintiff from *Barlow v. Konda*, No. 05-98-00797-CV, 2000 WL 921239 at *5 n.3 (Tex. App.—Dallas 2000, no pet.) (not designated for publication), contains pure dicta and is not precedent. *E.g., Boswell v. Pannell*, 107 Tex. 433, 180 S.W. 593, 596-97 (1915) (expression by court on question not up for decision is purely obiter dictum and not in any way controlling as precedent). The statements in the footnote were not a ruling on an issue being decided in the case and, in fact, became irrelevant once the court of appeals decided the issue before it – that plaintiff's claim accrued on December 28, 1993 (date of the last tort) instead of the last date of treatment (January 15, 1994) or the date of death (January 16, 1994). *Id.* at *3, *4. The footnote discussion of whether the January 16, 1996 notice letter would have been timely for a January accrual date constituted obiter dicta. Plus, the court did not determine whether the "notwithstanding any other law" language of section 10.01 (also in section 74.251) precluded application of section 16.072. And, because *Barlow* predated the codification of section 74.002, the *Barlow* court could not have considered the impact of 74.002 on any attempt to extend limitations beyond the absolute two-year deadline in section 74.251.

Houston [14th Dist.] 2014, pet. filed); *Certain Underwriters at Lloyd's of London v. Cardtronics, Inc.*, 438 S.W.3d 770, 774, 778 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Thus, this issue is ripe for review via permissive appeal.

## B. Resolution of Dr. Botla's Issues in a Permissive Appeal May Materially Advance the Ultimate Termination of the Underlying Suit

13. Finally, Plaintiff asserts that this Court's acceptance and resolution of Dr. Botla's appeal issues will not materially advance the ultimate termination of the underlying suit because Plaintiff will still have a pending health care liability claim against the co-defendant, Dr. Carcamo. (Resp. 6-7). Plaintiff has no Texas law to support this proposition. Moreover, Plaintiff's theory ignores the plain language of the permissive appeal statute – the permissive appeal does not have to *terminate* the underlying suit; rather, it is sufficient if the permissive appeal "may materially advance the ultimate termination" of the underlying suit. TEX. CIV. PRAC. & REM. CODE § 51.014(d)(2). Courts have accepted permissive appeals that resolved some, but not all, claims presented in the underlying suit. *See e.g.*, *ADT Security Svcs., Inc. v. Van Peterson Fine Jewelers*, 390 S.W.3d 603, 604-08 (Tex. App.—Dallas 2012, no pet.).

14. Further, it is beyond dispute that, if this Court accepts this appeal and (a) rules in favor of Dr. Botla on the first issue, the statute of limitations bars Plaintiff's claim and it will be dismissed; or (b) rules against Dr. Botla on the first

issue but in favor of Dr. Botla on the second issue, the statute of limitations bars Plaintiff's claim and it will be dismissed. In either instance, the appeal may materially advance the ultimate termination of the litigation by eliminating all claims against one defendant.

### C.    This Court Should Grant the Motion to Stay

15.    In sum, Dr. Botla asserts his issues provide a proper basis for a permissive appeal and satisfy the criteria of section 51.014(d) of the Texas Civil Practice & Remedies code. Moreover, a temporary stay of the trial of the underlying suit while the Court considers Dr. Botla's Petition and, if granted, while the Court rules on the appeal, will preserve the status quo and will serve the important interests of judicial economy and fairness to the trial court and the litigants. The Motion is not premature because the trial setting is now only five weeks away, and Dr. Botla wishes to avoid the time and expense of preparing for a trial that could be obviated if the Court accepts Dr. Botla's appeal and rules in his favor.

**THEREFORE**, Appellant Ravi Botla, M.D. respectfully prays that this Court grant the relief requested in his Motion and all other relief as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   /s/Diana L. Faust

**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**MICHELLE E. ROBBERSON**
michelle.robberson@cooperscully.com
Texas Bar No. 24073089

900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL: (214) 712-9500
FAX: (214) 712-9540

and

**EVANS, ROWE & HOLBROOK, P.C.**
**BRETT B. ROWE**
bbrowe@evans-rowe.com
Texas Bar No. 17331750
**NICKI K. ELGIE**
nelgie@evans-rowe.com
Texas Bar No. 24069670
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
TEL:  (210) 340-6555
FAX: (210) 340-6664

**ATTORNEYS FOR APPELLANT**
**RAVI BOTLA, M.D.**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of this Reply upon the following counsel of record by the method indicated, on this 2nd day of March, 2015:

George W. Mauze, II                                    **VIA EFILE**
gmauze@mauzelawfirm.com
Mauze Law Firm
2632 B4roadway, Suite 401S
San Antonio, Texas 78215
**Counsel for Appellee**

Kimberly S. Keller                                    **VIA EFILE**
kim@kellsto.com
Keller Stolarczyk, PLLC
234 W. Bandera Road, #120
Boerne, Texas 78006
**Co-Counsel for Appellee**

  /s/Diana L. Faust
**DIANA L. FAUST**