ST. LOUIS COUNTY, Missouri, Plaintiff,

v.

Edwin R. FRANK, et al., Defendants,

J.D.C. RESTAURANTS, INC., Appellant,

v.

Wallace McNEILL, Steven G. Schumaier, and Cassandra J. Schumaier, Respondents.

No. 67010.

Missouri Court of Appeals, Eastern District.

Oct. 3, 1995.

Rehearing Denied Nov. 8, 1995.

Julius H. Berg, St. Louis, for appellant.

Charles Francis Dufour, Jr., St. Louis, for respondents.

WILLIAM E. TURNAGE, Senior Judge.

J.D.C. Restaurants, Inc. (J.D.C.), as lessee, filed a motion for distribution of the condemnation award paid to the lessor, Wallace McNeill, Steven G. Schumaier, and Cassandra J. Schumaier, d/b/a McSchu. After a hearing, the court entered judgment denying the claim of J.D.C. On this appeal, J.D.C. contends the court erred in finding that it was not entitled to the value of the fixtures removed by it and, as to the fixtures not removed, that it had abandoned those. Affirmed.

In 1985, McSchu entered into a lease of its property located in Clayton with J.D.C. for the operation of a restaurant called C.J. Muggs. That lease contained the following provision:

11. Tenant shall have the right to remove any trade fixtures or other fixtures installed by Tenant, provided Tenant shall be responsible for repair of any damages to the freehold occasioned by the removal thereof.

\* \* \* \* \* \*

14. If the whole or any part of the demised premises shall be taken under the power of eminent domain, or shall be sold by the Landlord under threat of condemnation proceedings, then this lease shall terminate as to the part so taken or sold on the day when Tenant is required to yield possession thereof, . . . . In any and all events, all compensation awarded or paid for any such taking or sale of the fee and the leasehold, or any part thereof,

shall belong to and be the property of the Landlord, except for any separate specific award as shall be made to Tenant for relocation of his business, or on account of the taking of fixtures installed by the Tenant, which shall not have become a part of the leasehold property of the Landlord. . . .

In October 1993, St. Louis County filed an action in condemnation to obtain the Clayton property for county purposes. Commissioners were appointed and made their award of $1,841,060 on February 3, 1994. The County paid the award into court on February 4, 1994. J.D.C. continued to operate its restaurant on the premises until about April 1, 1994.

J.D.C. thereafter filed its motion for distribution pursuant to the provisions of § 523.053, RSMo 1986, seeking to obtain a portion of the award from McSchu for the value of fixtures it had installed on the Clayton premises. At the hearing on the motion, J.D.C. introduced evidence that it had installed fixtures with a value of $61,944 in its restaurant. J.D.C. admitted that, on April 2 and 3, 1994, it had removed most of the fixtures it had installed.

The court found that St. Louis County had condemned the property and took ownership of it on February 4, 1994, when it paid the commissioner's award into court. The court denied any recovery to J.D.C. for the items it had removed and found that it was not entitled to recover for the items remaining because J.D.C. had abandoned those items.

■ It was proper for the parties to provide for the disposition of a condemnation award in the event the property leased by J.D.C. was acquired for public use by eminent domain. In *State v. Jim Lynch Toyota,* 835 S.W.2d 421, 424[1, 2] (Mo.App.E.D.1992), this court stated: "It is well established that specific provisions of a lease setting forth the respective rights of the parties in the event the demised property is condemned are valid and controlling." The parties here agreed in their lease that if the demised premises were

taken under the power of eminent domain, "all compensation awarded or paid for any such taking . . . shall belong to and be the property of the Landlord, except for any separate specific award as shall be made to Tenant for relocation of his business, or on account of the taking of fixtures installed by the Tenant, which shall not have become a part of the leasehold property of the Landlord."

It is agreed by the parties that there was no "separate specific award" made to the tenant. Absent such an award, the lease in plain terms provided that the entire award belonged to McSchu as the landlord.

Further, there is no provision for a separate award to the tenant. In eminent domain proceedings the award to be paid by the condemning authority for the property taken "is determined as though the property belonged to only one person. . . ." *Seliga Shoe Stores v. City of Maplewood,* 558 S.W.2d 328, 332[12, 13] (Mo.App.1977). Section 523.053 gives the right to all of those who claim an interest in the property to file a motion for distribution from the condemnation. But to be entitled to a distribution from the condemnation award, a party must show a compensable interest in the property taken.

■ J.D.C. cannot show a compensable interest in the award because the lease gave all of the condemnation award to McSchu except for any amount which was separately and specifically awarded to J.D.C. as the tenant. Even though a separate award to J.D.C. by the commissioners was not possible under eminent domain procedure, the fact remains that the lease gave the entire award to McSchu except for any separate specific award to J.D.C. There being no separate specific award made to J.D.C., it follows that the entire award belongs to McSchu.

■ While the court did not reach its result by the reasoning stated herein, the court reached the right result. This court on appeal is primarily concerned with the correctness of the result, and not the route taken by

the trial court to reach it. *Corrigan v. Armstrong, Teasdale, et al.,* 824 S.W.2d 92, 94[1] (Mo.App.1992). The court reached the right result and the judgment is affirmed.

DOWD, P.J., and BLACKMAR, Senior Judge, concur.