CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Eugene L. MANFIELD, Respondent,

Auditorium Bar & Grill, Inc., Appellant.

No. WD 50850.

Missouri Court of Appeals,
Western District.

Submitted Jan. 31, 1996.

April 30, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 1996.

Application to Transfer Denied
Aug. 20, 1996.

---

Samuel P. Williams, Kansas City, for Appellant Auditorium Bar & Grill, Inc.

Joseph R. Borich, II, Leawood, KS, for Appellant/Respondent Eugene L. Manfield, et al.

Walter J. O'Toole, Jr., Kansas City, for Respondent City of Kansas City, Mo.

Before HANNA, P.J., and SMART and ELLIS, JJ.

SMART, Judge.

Auditorium Bar & Grill, Inc. ("Auditorium Bar") rented business property from Eugene Manfield for the purpose of operating a bar and grill. The lease provided that the tenant would not share in the proceeds of an condemnation award for the taking of the real property. When it appeared the premises would by condemned by the City of Kansas City, Missouri ("City") so that the City could construct another facility on the premises, Auditorium Bar decided to arrange with Manfield to purchase from Manfield the property's heating and air conditioning systems and walk-in cooler, hoping to receive compensation therefor when the City condemned the property. When the condemnees excepted to the amount of the commissioner's award, the condemnation case was tried to a jury. At the apportionment hearing following the jury award, Auditorium Bar presented no evidence of any entitlement to share in the proceeds. Auditorium Bar now appeals both the jury award and the apportionment award. We conclude there is no justiciable case or controversy before this court, and dismiss the appeal.

### Factual Detail

In 1991, the City filed its petition in condemnation and subsequently condemned the property upon which Auditorium Bar had operated its bar and grill. Three commissioners were appointed to value the property. They assigned a value of $360,000.00 to it. Exceptions were filed and the matter went before a jury which awarded the condemnees $400,000.00. Both Manfield and Auditorium Bar were defendants in the condemnation proceeding. The $360,000 award of the commissioners, which had been paid into court before trial, was withdrawn by Manfield and Auditorium Bar pursuant to an agreement between them. We have not been informed of the disposition of those funds as between the two of them. The additional $40,000 plus interest was paid into court by the City. Manfield filed a motion under § 523.053, RSMo 1986 seeking a determination by the court of Manfield's exclusive entitlement to these funds. In a hearing on the apportionment of the remaining proceeds, the trial court awarded the entire amount to Manfield. Auditorium Bar contested the trial court's jurisdiction to divide the award[1] and did not put on any evidence supporting any claim of interest in the proceeds. Manfield moved for a ruling in his favor on the basis that the lease agreement provides that any condemnation award would be paid exclusively to the fee holder. The trial court agreed, and ruled that the entire remaining proceeds were to be paid to Manfield.

Auditorium Bar, on appeal, challenges the trial court's jurisdiction to enter the apportionment order. Auditorium Bar also appeals the jury award, contending that the trial court made several errors in conducting the trial on damages. We need not reach the issues related to either the jury trial or the apportionment award, however, because we agree with the City and with Manfield that Auditorium Bar has no standing to appeal.

---

1. Auditorium Bar's jurisdictional argument was based on the assertion that, because Auditorium Bar had already filed a notice of appeal as to the order based on the jury award, the trial court lost jurisdiction to apportion the proceeds.

### Standing to Appeal

██ Section 512.020, RSMo 1994, governing who may appeal, states:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction . . .

The statute specifies that only a person who is "aggrieved" by a judgment may appeal. The fact that Auditorium Bar was a named defendant on the condemnation action does not, in itself, give Auditorium Bar the standing to complain on appeal of trial court rulings on evidentiary matters and instructional issues. For a party to be "aggrieved" the judgment must operate expressly on its personal or property rights. *Wolfe v. State ex rel. Missouri Highway & Transp. Comm'n,* 910 S.W.2d 294, 299 (Mo.App.1995). The effect must be immediate and not merely a distant possibility. *Shelter Mut. Ins. Co. v. Briggs,* 793 S.W.2d 862, 863 (Mo. banc 1990). In order for Auditorium Bar to be aggrieved, it must have had an interest in the property condemned subject to compensation. Auditorium Bar did have an interest in the real estate as lessee, but, under the facts of this case, its interest was not an interest subject to compensation. Paragraph 16 of the lease agreement between Manfield and Auditorium Bar set out the rights of each party in the event that the property is taken by eminent domain. It stated, in pertinent part:

> If the premises or any substantial part thereof shall be taken by any competent authority under the power of eminent domain or be acquired for any public or quasi-public use or purpose, the term of this lease shall cease and terminate upon the date when the possession of said premises or the part thereof so taken shall be required for such use or purpose and **without apportionment of the award,** and LESSEE shall have no claim against LES-

SOR for the value of any unexpired term of this lease. . . . No money or other consideration shall be payable by the LESSOR to the LESSEE for the right of cancellation and **the LESSEE shall have no right to share in the condemnation award or in any judgment for damages caused by the taking or change of grade.** Nothing in this paragraph shall preclude an award being made to LESSEE for loss of business or depreciation to and cost of removal of equipment or fixtures.

(Emphasis added). Ordinarily, a lessee is entitled to the reasonable market value of the unexpired term of its lease. *State ex rel. State Highway Comm'n v. Samborski,* 463 S.W.2d 896, 901 (Mo.1971). The condemnation is conducted as though there were only one party having ownership and possession of all the interests in the land. *Western Robidoux Printing & Lithographing Co. v. Missouri State Highway Comm'n,* 498 S.W.2d 745, 748 (Mo.1973). Then, after the value of the taking is established, the court conducts a hearing apportioning the award among those parties having any interest in the land condemned. *Id.; Section 523.053, RSMo 1994.* In some cases where the land is subject to a lease, the tenant may receive compensation for the net value of the lease. Here, however, according to the language of the lease, Auditorium Bar's right to receive any portion of the award as a tenant is eliminated.[2]

██ Missouri law provides that specific provisions in a lease spelling out the respective rights of the parties to that lease are valid and controlling in the event the property is condemned. *State ex rel. Missouri Highway & Transp. Comm'n v. Jim Lynch Toyota, Inc.,* 835 S.W.2d 421, 424 (Mo.App. 1992). Such lease provisions have uniformly been upheld. *See* Jay M. Zitter, Annotation, *Validity, Construction, and Effect of Statute or Lease Provision Expressly Governing Rights and Compensation of Lessee Upon Condemnation of Leased Property,* 22 A.L.R.

---

2. Auditorium Bar possibly could have claimed an interest in the award as an owner of part of the real estate by virtue of its "purchase" of fixtures from Manfield. However, it could not do so without reducing the amount of compensation payable to Manfield from the jury's award.

Such, of course, would have been contrary to the understanding between them. Therefore, as a practical matter, Auditorium Bar could not assert an interest in the real estate itself. Therefore, it was left with having to characterize its "purchase" as a purchase of personal property.

5th (1994). In order to be entitled to a portion of the award, Auditorium Bar must show a compensable interest in the property taken. *St. Louis County v. Frank*, 908 S.W.2d 847, 848 (Mo.App.1995). The lease forecloses Auditorium Bar from claiming any compensable interest in the real property as a tenant. *Id.*

 Auditorium Bar complains it has not been compensated for its loss of business or for the loss of its personal property. However, it does not explain *why* it is entitled to compensation for either. The condemnor here sought to condemn only the real property. Everyone understood that the City intended to demolish the building and employ the property for construction of a new facility. The City had no interest in appropriating and operating the Auditorium Bar as a business enterprise on the premises, and had no interest in gaining title to any personal property on the premises. Auditorium Bar was free to move its business and its personal property to a new location. The condemnor, and not the condemnee, determines what property is to be taken. *Missouri Pub. Serv. Co. v. Argenbright*, 457 S.W.2d 777, 784 (Mo.1970). Nor does the law require that the City compensate a lessee for expenses associated with the relocation of the business, or with the cost of removing equipment and any fixtures which the condemnor does not want.[3] *See State ex rel. State Highway Comm'n v. Lynch*, 471 S.W.2d 261, 266 (Mo.1971). Consequently, Auditorium Bar has shown no basis of any right to share in the proceeds of this condemnation award.

 Auditorium Bar challenges the jurisdiction of the trial court to enter the apportionment award, contending that the trial court lost jurisdiction when its notice of appeal as to the jury award was filed earlier. Even though it might at first seem that Auditorium Bar is aggrieved as to the issue of jurisdiction, the fact is that it is not. As already discussed, the lease language forecloses Auditorium Bar from any participation in the proceeds for the condemnation of the *real* property. The case filed by the City did not purport to condemn any personal property or any business enterprises. The value of a business operated by the lessee is not compensable as part of the taking, except where the business is "inextricably related" to the land. *State ex rel. Missouri Highway & Transp. Comm'n v. Musterman*, 856 S.W.2d 121, 123 (Mo.App.1993). Here, there was no showing that this bar and grill was inextricably related to the land. Therefore, the value of the business operated on the premises is not part of the condemnation of the real property. *Id.* As for particular items of personal property, the court cannot force the condemnor to acquire that which it does not want and for which it is unwilling to pay. *Argenbright*, 457 S.W.2d at 784. Auditorium Bar does not deny that it was given ample opportunity to remove its personal property from the premises. It elected not to do so, choosing instead to abandon it, knowing that the City was going to demolish the building, hoping somehow to convert this loss into a claim for compensation.

Consequently, we fail to see how Auditorium Bar has any cognizable, protectable interest in any ultimate award, whether or not there was jurisdiction for the trial court to enter the apportionment award. We do, however, assume there was jurisdiction. As the City points out, if the proceeding under § 523.053 to apportion the proceeds is separate from the condemnor's action to acquire the property and fix the total compensation, then the filing of an appeal from the jury award would not seem to affect the court's jurisdiction to conduct the apportionment proceeding. If, however, the apportionment is part of the condemnation action, then any appeal, even by a party having standing, would be premature and would not deprive the court of jurisdiction. However, in view of Auditorium Bar's lack of standing to raise the issue of jurisdiction, we need not decide the issue.

3. It is not difficult to discern that the lessee, after considering the language of Paragraph 16 of the lease, decided, with Manfield's help, to concoct a way to obtain compensation. Manfield was willing to go along as long as the scheme did not reduce Manfield's compensation. The lessee "purchased" from Manfield ownership of the ductwork and the walk-in cooler prior to condemnation. However, it appears that the law does not require that compensation be paid to a lessee for the cost of removing equipment and fixtures. *Lynch*, 471 S.W.2d at 266.

## Conclusion

Pursuant to the terms of the lease, Auditorium Bar never had a legally cognizable interest in the condemnation award, although it was a necessary party in the condemnation proceeding. Similarly, it has no standing to contend on appeal that the trial court was without jurisdiction to enter the apportionment award. Auditorium Bar also had no basis on which to appeal the merits of the apportionment award, having failed to present any evidence at the apportionment hearing that it was entitled to participate in the award.[4] Consequently, there is no justiciable case or controversy pending before this court. Appeal dismissed.

All concur.

---

4. Logically, there could not be any presumption that a lessee is entitled to compensation for the remaining term of the lease. A lease might be quite favorable, and have a net value to the lessee, or it might not, depending on market conditions and other factors. In this case, Auditorium Bar made a strategic decision not to contest Manfield's right to the remaining proceeds of the award.