The CITY OF BRENTWOOD,
a Municipal Corporation,
Plaintiff/Respondent,

v.

BARRON HOLDINGS INTERNATIONAL, LTD., L.L.C., et al.,
Defendants/Appellants.

No. ED 79190.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 11, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 2002.

Application for Transfer Denied
Feb. 26, 2002.

Edward P. Radetic, Girardeau, MO, for appellant.

Katherine J. Clendenin, Robert E. Fox, Jr., Assistant County Counselor, Clayton, MO, Marvin Klamen, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

Appellant, Barron Holdings International, LTD., L.L.C (Barron) appeals from the trial court order involving the distribution of monies paid into the registry of the court as damages for the taking of real property by Respondent, The City of Brentwood, a Municipal Corporation (City).[1] Barron contends the trial court erred in that it was not given proper notice, the trial court's order was not based on competent evidence and the trial court erred in finding that Defendant Concord Bank (Bank) had foreclosed on the interests of Barron, in that Bank held no deed

---

1. Although Paul Boghosian and David Campbell are listed as Appellants in the Notice of Appeal, neither of them filed a brief independent of Barron's, and nothing in that brief nor in the record demonstrates how their interests are different than Barron's. "It is not the duty of a court to search for error nor to raise matters not presented or argued by an appellant." *Sokol v. Labor and Indust. Relations Com'n.*, 946 S.W.2d 20, 29 (Mo.App. W.D. 1997). Therefore, Appellants Boghosian and Campbell will be treated the same as Barron, for purposes of this appeal.

of trust due to the City's taking of the property. We dismiss.[2]

Barron was the record title-holder of property in Brentwood and Bank was the mortgagee of property's prime mortgage, when City filed an eminent domain action in the Circuit Court of St. Louis County on August 29, 2000. The trial court issued Findings of Facts and a Decree of Condemnation on September 21, 2000 and appointed three commissioners to value the property. The commissioners valued the property at $1,240,000 and on November 22, 2000, City paid into the registry of the court the entire sum.

On December 21, 2000, 12:00 p.m., Bank held a foreclosure sale. The property was sold to the highest bidder who subsequently assigned her right and entitlement to damages and distribution, as owner, upon her acquisition of the Trustee's Deed at foreclosure, to Bank. Barron was not present at the foreclosure sale, nor, based on the record before us, has Barron appealed the foreclosure.

On December 21, 2000, 12:37 p.m., Barron filed a Motion for Pay Out Order, requesting the court to pay the funds, on deposit in the registry, to Bank, "the first mortgage deed of trust holder." Further in the motion, Barron requested the "money is to be applied to principal due on mortgage loan(s) of Barron Holdings International, Ltd., L.L.C. ( . . .) on the condemned real property by said Concord Bank." Barron requested the circuit clerk to make the entire amount of the pay-out check "payable to Concord Bank for the benefit of Barron. . . ." This motion was done *ex parte*, apparently with only Barron's attorney present. The motion was granted that same day.

On January 5, 2001, Bank filed three documents with the trial court. The first document was entitled "Motion of Defendant Concord Bank to Set Aside Order Entered As of December 21, 2000 Order And To Cause a Hearing To Be Held to Determine Parties Entitled to Distribution and to Order Distribution (Motion to Set Aside Order)." The second document was entitled, "Motion of Defendant Concord Bank to Shorten Time for Hearing" to permit Bank to shorten time of notice for hearing its Motion to Set Aside Order. The trial court scheduled the hearing sought by Bank for January 9, 2001 and granted Bank's motion to shorten time of notice by specifically holding that notice mailed on January 5, 2001 was proper notice. The third document was entitled, "Notice of Hearing," providing notice that Bank's Motion to Set Aside Order would be heard on January 9, 2001. According to the certificate of service, Barron was sent copies of all the prior documents on January 5, 2001.

On January 9, 2001, the trial court heard Bank's Motion to Set Aside Order. Bank noted to the court that it did not have prior notice of the December 21 motion filed by Barron. Further the Bank illustrated that the terms of the subsequent order were inconsistent with the terms of the promissory note evidencing Barron's obligation to Bank, and that Bank had held a foreclosure sale on December 21, 2000 at 12:00 p.m. and Barron was not present when the sale was called. The trial court set aside and held for naught the *ex parte* order of distribution entered on December 21, 2000. Bank was ordered to deliver to the registry all funds received pursuant to the *ex parte* order. The trial court continued the hearing on Bank's motion for determination and distribution of the con-

2. Bank filed a Motion to Dismiss and a Supplemental Motion for Dismissal in this case. Our resolution of the case renders their motions moot.

demnation proceeds pending further notice to be given to all parties regarding the hearing date.

On January 12, 2001, Bank filed its "Notice of Hearing" for a hearing to be held on February 9, 2001. Bank sent notice to Barron's attorneys of record.[3] On February 6, 2001, City filed its "Motion for Distribution" and the "Notice of Hearing," scheduling its motion for February 9, 2001. These filings were sent to all parties.

On February 9, 2001, the motions for distribution filed by Bank and City were heard. Evidence was presented, including testimony from witnesses. The trial court took note of the City's "Notice of Hearing" and that all parties had been notified. Barron was not present at the hearing.

On February 13, 2001, the trial court entered its "Order and Decree." The trial court noted that the notice of the February 9th hearing date had been provided to all parties. The trial court, after noting the numerous encumbrances on the property totaling over $3 million, found that as Bank had foreclosed on the rights of Barron and as the subsequent owner had assigned her rights to Bank, Bank was deemed ". . . . to be superior both in title and in right to claim damages and distribution . . . . to Barron." The trial court ordered that the Collector of St. Louis County was to be paid first for payment of taxes owed on the condemned property for the year 2000 and then Dierbergs Brentwood. L.L.C., was to be paid for a claim assigned to it by City. Lastly, the court ordered Bank was entitled to be paid the remaining sums held in the registry of the trial court and to solely pursue any further damages regarding exceptions on the condemnation award.

On February 23, 2001, Barron filed its Notice of Appeal.

■ From the outset, we must sua sponte determine whether we have jurisdiction and if we lack jurisdiction to entertain the instant appeal it should be dismissed. *Conrad v. Herndon*, 572 S.W.2d 216, 218 (Mo.App. W.D.1978). In the instant case, we question whether Barron has standing to appeal.

Section 512.020 RSMo 2000, governing who may appeal, states:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction. . . .

■ The statute specifically states that only a person who is "aggrieved" by a judgment may appeal. "For a party to be 'aggrieved' the judgment must operate expressly on its personal or property rights." *City of Kansas City v. Manfield*, 926 S.W.2d 51, 53 (Mo.App. W.D.1996). "The effect must be immediate and not merely a distant possibility." *Id.* The fact that the party is a named defendant on the condemnation action does not, in itself, give the party the standing to complain on appeal of the trial court rulings. *Id.* In order for a party to be aggrieved, it must have had an interest in the property condemned subject to compensation. *Id.*

Before we begin the analysis, we do note that Barron has raised on appeal issues of the notice it received. We find it ironic that the party who filed an *ex parte* motion would complain about notice, but nonetheless note that based on the record before

---

**3.** Both attorneys of record filed withdrawal of representation but Barron does not allege it did not receive notice due to their attorneys' withdrawals.

us, Barron received adequate notice and chose not to participate in the subsequent judicial proceedings.

As for Barron's standing, we find Barron was not an aggrieved party. In its *ex parte* December 21, 2000 Motion for Pay Out Order, Barron attempted to have the funds paid out to Bank, which it acknowledged as "the first mortgage deed of trust holder." Meanwhile, Bank, was foreclosing on the property. Nothing in the record before us, indicates that Barron challenged the foreclosure whatsoever. Not only did Barron not challenge the foreclosure but also it did not come into the trial court in these proceedings and raise any issue about the effect of the foreclosure on the condemnation proceedings.[4] When Bank foreclosed on the property and Barron allowed this to go unchallenged, Barron lost the opportunity to complain about the distribution. The trial court's subsequent judgment did not operate expressly on any remaining personal or property rights of Barron, and therefore it was not aggrieved by the judgment.

Appeal dismissed.

MARY R. RUSSELL, Presiding Judge and PAUL J. SIMON, Judge, Concur.

---

4. "We will not convict the trial court of error not brought to its attention." *Rosenfeld v.* *Thoele,* 28 S.W.3d 446, 449 (Mo.App. E.D. 2000).