**Kimberly POOLE, Claimant/Appellant,**

v.

**ADECCO NORTH AMERICA L.L.C., and, Division of Employment Security, Respondents.**

**No. ED 81769.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 31, 2002.

Kimberly Poole, St. Louis, MO, Pro Se, for appellant.

Thomas D. Boggs, Alan J. Downs, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Kimberly Poole, appeals the order of the Labor and Industrial Relations Commission affirming and adopting the decision of the Appeals Tribunal of the Division of Employment Security. The Appeals Tribunal had determined the claimant was disqualified from receiving unemployment insurance benefits because she failed to accept suitable work offered her by a former employer. Because the claimant's notice of appeal to this Court is untimely, we dismiss the appeal.

As in all cases, this court has a duty to examine its jurisdiction *sua sponte*. *City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.*, 66 S.W.3d 139, 142 (Mo.App. E.D.2001). Section 288.210, RSMo 2000, governs appellate jurisdiction in employment security cases. That statute provides an aggrieved party twenty days after a decision of the Commission becomes final within which to appeal that decision by filing a notice of appeal. A decision of the Commission becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its order to the claimant on August 1, 2002. The order became final ten days later on Monday, August 12, 2002. Section 288.240, RSMo 2000. The claimant's notice of appeal was due twenty days later on Tuesday, September 3, 2002. Sections 288.210 & 288.240. Thus, the claimant's notice of appeal, which was filed on September 6, 2002, was late.

In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health*, 84 S.W.3d 524, 525 (Mo.App.E.D. 2002). Moreover, section 288.200, RSMo 2000, provides no mechanism for seeking a special order to file a late notice of appeal. *Id.*

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.