William POTTS, Jr., Claimant/Appellant,

v.

COUNCIL FOR EXTENDED CARE OF MENTALLY RETARDED CITIZENS, and Division of Employment Security, Respondents.

No. ED 82733.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2003.

William L. Potts, St. Louis, pro se.

Council for Extended Care of Mentally Retarded Citizens, St. Louis, pro se.

Larry R. Ruhmann, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

William Potts, the claimant, appeals the order of the Labor and Industrial Relations Commission affirming the decision of the Appeals Tribunal of the Division of Employment Security. The Tribunal concluded that the claimant was disqualified from receiving unemployment benefits because he left work voluntarily without good cause attributable to his work or employer. Because the claimant's notice of appeal to this Court is untimely, we dismiss the appeal.

We have a duty to examine our jurisdiction *sua sponte. City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.*, 66

S.W.3d 139, 142 (Mo.App. E.D.2001). In employment-security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health Dept.,* 84 S.W.3d 524, 525 (Mo.App.E.D. 2002). Under section 288.210, RSMo 2000, an aggrieved party may file a notice of appeal to this Court within twenty days after the Commission's decision becomes final. *Id.* The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to the claimant on February 10, 2003. The decision became final ten days later and the claimant's notice of appeal was due on March 12, 2003. Section 288.210. Here, the claimant's notice of appeal was mailed to the Commission. The U.S. postal endorsement indicates it was mailed on March 24, 2003. Under section 288.240, RSMo 2000, a notice of appeal mailed to and received by the Commission will be considered filed "as of the date endorsed by the United States post office on the envelope" in which the notice of appeal is enclosed. Here, the date of filing is March 24, 2003. Because the notice of appeal was not filed on or before March 12, 2003, it is untimely.

We issued an order to the claimant directing him to show cause why the appeal should not be dismissed. The claimant has filed no response. In unemployment cases, the procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). In addition, section 288.210 provides no mechanism for seeking a special order to file a late notice of appeal. *Mathis,* 84 S.W.3d at 525; *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App.

E.D.2000). The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.