Nevada J. DANIELS,
Claimant/Appellant,

v.

COLONIAL CARE CENTER,
and Division of Employment
Security, Respondents.

No. ED 82614.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2003.

Nevada J. Daniels, St. Louis, pro se.

Colonial Care Center, Granite City, IL, pro se.

Larry R. Ruhmann, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Nevada Daniels, appeals the order of the Labor and Industrial Relations Commission affirming and adopting the decision of the Appeals Tribunal of the Division of Employment Security. Because the claimant's notice of appeal to this Court is untimely, we dismiss the appeal.

As in all cases, this Court has a duty to examine its jurisdiction *sua sponte*. *City*

of *Brentwood v. Barron Holdings Intern., Ltd., L.L.C.,* 66 S.W.3d 139, 142 (Mo.App. E.D.2001). In employment-security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health Dept.,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). Section 288.210, RSMo 2000, governs appellate jurisdiction in employment-security cases. That statute provides an aggrieved party twenty days after a decision of the Commission becomes final within which to appeal that decision by filing a notice of appeal. *Id.* A decision of the Commission becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its order to the claimant on January 28, 2003. The order became final ten days later on February 7, 2003, and the claimant's notice of appeal was due on February 27, 2003. Section 288.210. Thus, the claimant's notice of appeal, which was filed on March 7, 2003, was untimely.

We issued an order to the claimant directing her to show cause why the appeal should not be dismissed. The claimant has filed no response. The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). In addition, section 288.210 provides no mechanism for seeking a special order to file a late notice of appeal. *Mathis,* 84 S.W.3d at 525; *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.