Cheung C. WONG,
Plaintiff/Respondent,

v.

James M. WONG, Defendant/Appellant.

No. ED 82565.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 29, 2003.

James M. Wong, Houston, TX, pro se.

Edgar Edward Lim, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Defendant James M. Wong (Husband) filed his notice of appeal in this dissolution

proceeding. Because we find the notice of appeal is untimely, we dismiss the appeal.

The trial court entered a judgment in this matter on March 12, 2002. After the post-trial motions were decided, Plaintiff Cheung C. Wong (Wife) filed a timely notice of appeal on June 6, 2002. This appeal was given Appeal No. ED81320. We handed down an opinion in this case on June 10, 2003, and it was mandated on July 2, 2003.

On February 20, 2003, Husband also filed a notice of appeal from the March 12, 2002 judgment. This appeal was given Appeal No. ED82565. Rule 81.04(b)[1] governs the filing of a notice of appeal where a timely notice of appeal is filed by one party. The rule provides that "any other party may file a notice of appeal within ten days of the date the first notice of appeal was filed." Here, Husband filed his notice of appeal more than seven months after Wife filed her timely notice of appeal.

We have a duty to examine our jurisdiction *sua sponte*. *Poole v. Adecco North America L.L.C.*, 93 S.W.3d 850 (Mo.App. E.D.2002). We issued an order directing Husband to show cause why his appeal should not be dismissed. In response, Husband made no argument that his appeal was timely, but instead asked this Court to show him leniency and to address his appeal on the merits. However, where the jurisdiction of this Court is concerned, we cannot show leniency.

Husband's notice of appeal is clearly untimely under Rule 81.04(b). "Our jurisdiction depends on the timely filing of a notice of appeal and lacking that our only permissible action is to dismiss the appeal." *Moore ex rel. Moore v. Bi–State Dev. Agency*, 87 S.W.3d 279, 296 (Mo.App. E.D.2002). Therefore, we cannot review the merits of Husband's appeal and can only dismiss his untimely appeal.

Appeal dismissed.

LAWRENCE E. MOONEY and GEORGE W. DRAPER, III, JJ., concur.

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.