Gloria YOUNG, Claimant/Appellant,

v.

**GATEWAY CANDY CORP. and Division of Employment Security, Respondents.**

No. ED 83095.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 19, 2003.

Gloria Young, St. Louis, pro se.

Gateway Candy Corp., Bridgeton, pro se.

Alan J. Downs, Assistant Attorney General's Office, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Gloria Young (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) concluding that she is disqualified from receiving unemployment benefits. Because her appeal to this Court was untimely, we dismiss the appeal for lack of jurisdiction.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

After Claimant filed for unemployment benefits, a deputy determined that she was disqualified for benefits because she left work without good cause attributable to her work or employer. When she quit her work with Gateway Candy Corp. (Employer), Claimant stated she was leaving due to personal and family reasons. Claimant filed a timely appeal to the Appeals Tribunal, which affirmed the deputy's determination. Claimant filed a timely appeal to the Commission. The Commission affirmed the Appeals Tribunal. The Commission's decision was mailed to Claimant on May 6, 2003. Claimant then sought an appeal to this Court. Her notice of appeal was filed on June 18, 2003.

The Division of Employment Security (Division) has filed a motion to dismiss the appeal contending this Court lacks jurisdiction to review it because Claimant's notice of appeal to this Court is untimely. Claimant has filed no response to the motion.

Section 288.210 [1] provides that a notice of appeal from a decision by the Commission must be filed within twenty days after the decision becomes final. A decision of the Commission becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Commission's decision was mailed to Claimant on May 6, 2003. Thus, the Commission's decision became final on May 16, and Claimant's notice of appeal was due on June 5, 2003. Accordingly, Claimant's notice of appeal, which was filed on June 18, 2003, is untimely.

In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Poole v. Adecco North Am. L.L.C.*, 93 S.W.3d 850 (Mo.App. E.D.2002). In addition, Section 288.210 provides no mechanism for seeking a special order to file a late notice of appeal. *Id.* We grant the Division's motion to dismiss. The appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.