Raj DHAR, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 83120.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 2, 2003.

Raj Dhar, Ballwin, MO, pro se.

Ronald Joe Miller, Larry Raymond Ruhmann, Jefferson City, MO, for Division of Employment Security,

SHERRI B. SULLIVAN, Chief Judge.

Raj Dhar (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) regarding her unemployment benefits. Because we find Claimant's notice of appeal untimely, we dismiss her appeal.

Claimant filed a claim for unemployment benefits. A deputy determined she was an insured worker for purposes of unemployment, but concluded her benefit year began on February 9, 2003. Claimant appealed to the Appeals Tribunal, because she sought unemployment benefits from December 29, 2002 until January 14, 2003. The Appeals Tribunal dismissed her appeal after she failed to respond to a notice for a telephone hearing. Claimant filed a timely application for review with the Commission, which affirmed the decision of the Appeals Tribunal. Claimant now appeals to this Court. The Division of Employment Security (Division) filed a motion to dismiss the appeal for lack of a timely notice of appeal. Claimant has failed to file a response.

Section 288.210 [1] provides an aggrieved party twenty days to appeal the Commission's decision after it becomes final. The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Commission mailed its decision to Claimant on May 22, 2003. The Commission's decision became final ten days later and the notice of appeal was due Monday, June 23, 2003. Section 288.210; Section 288.240. Claimant's notice of appeal was filed with the Commission by facsimile as allowed by 8 C.S.R. 20–2.010(5) on June 26, 2003, and was untimely.

In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Poole v. Adecco North America L.L.C.,*. 93 S.W.3d 850 (Mo.App. E.D.2002). Furthermore, the procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Neither Section 288.200 nor Section 288.210 provides a mechanism for

1. All statutory references are to RSMo.2000, unless otherwise indicated.

seeking a special order to file a late notice of appeal. *Poole*, 93 S.W.3d at 850; *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Division's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.