Burr B. CUMMINGS, Individually and as Executor of the Estate of Peggy Cummings, Deceased, James Cummings and Linda Waldon, Appellants,

v.

HCA HEALTH SERVICES OF TEXAS, INC., d/b/a Tidelands General Hospital, Appellee.

No. C14–89–01038–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1990.

G. Robert Friedman, Greg Denlinger, Houston, for appellants.

Frank N. Luccia, Marion Woodrow Kruse, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

This is a medical malpractice suit brought by appellants against appellee HCA Health Services, Inc. d/b/a Tidelands General Hospital. The trial court granted Summary Judgment on the basis of limitations. In five points of error, appellants contend there are material questions of fact concerning whether appellee received notice of this lawsuit and whether it was disadvantaged by its subsequent inclusion. We reverse and remand.

This is a misidentification case in which appellants were mistaken as to which of two defendants was the correct party. Appellants timely filed suit against HCA but should have sued HCA Health Services, Inc. Health Services was not added as a defendant until after the statute of limitations expired.

A summary of the relevant facts are as follows:

On August 18, 1984, Peggy Cummings died of cardiac arrest while a patient of Tidelands General Hospital.

On July 2, 1986, appellants filed an Original Petition against Hospital Corporation of America d/b/a Tidelands General Hospital ("HCA") Dr. John A. Ward and Dr. W.L. Malloy.

On August 1, 1986, appellants' Original Petition was served upon CT Corporation System, registered agent for both HCA and appellee.

On August 21, 1986, HCA filed a verified denial that it did not own or do business as Tidelands General Hospital.

On November 1, 1986, two years and seventy-five days after the death of Peggy Cummings, the statute of limitations expired. TEX.REV.CIV.STAT.ANN.

art. 4590i, § 4.01(c) (Vernon Supp. 1990).

On December 2, 1986, appellants filed a Second Amended Original Petition naming appellee HCA Health Services, Inc. d/b/a Tidelands General Hospital ("Health Services") as a defendant for the first time.

On January 7, 1987, appellants' Second Amended Petition was served upon CT Corporation System.

On April 24, 1987, appellee filed a Motion for Summary Judgment based on limitations.

On October 19, 1988, the trial court granted Summary Judgment and entered an interlocutory order to that effect on December 3, 1988.

On March 13, 1988 the trial court conducted a hearing on appellants' Motion for Re-hearing or in the alternative, Motion for Severance.

On September 18, 1989, the trial court entered an Order of Severance and Final Judgment as to appellee.

Appellants withdraw their first point of error which complains generally of technical deficiencies in appellee's summary judgment proof. Therefore, we proceed on appellants' other points.

■ In their second point of error, appellants claim the trial court erred in failing to apply TEX.R.CIV.P. 28. Appellants claim Rule 28 allows suit against a corporation through its assumed name, even though the corporation itself was either not identified, or was mistakenly identified in the pleadings. Appellee contends Rule 28 is inapplicable because appellants' pleadings do not constitute a suit against an assumed name. It claims this is a suit against an existing legal entity, HCA, with an allegation of the manner in which HCA does business. Furthermore, appellee asserts Rule 28 also requires service on the assumed name. That rule provides:

Any partnership, unincorporated association, private corporation or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing against it a substantive

right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX.R.CIV.P. 28.

The appellate courts have interpreted this rule to toll the statute of limitations in suits involving assumed names. *L.L.M. v. Mayes,* 733 S.W.2d 642, 644 (Tex.App.—San Antonio 1987, no writ). We believe this cause constitutes a suit involving an assumed name. We see no difference whether Tidelands General Hospital is sued "as a d/b/a" and alleged to be the assumed or common name of another corporate entity, or sued alone as the assumed or common name. 733 S.W.2d at 644, (citing *Cohen v. C.H. Leavell & Co., Inc.,* 520 S.W.2d 793 (Tex.App.—El Paso 1975, no writ)). Moreover, if Rule 28 mandates service of process on the assumed name within the limitations period, service on the assumed name, HCA d/b/a Tidelands General Hospital, constituted service on appellee doing business under the same name, since CT Corporation System was the registered agent for both HCA and appellee. See *Northwest Sign Company v. Jack H. Brown & Company, Inc.,* 680 S.W.2d 808, 809, (Tex.1984) cert. denied 471 U.S. 1113, 105 S.Ct. 2353, 86 L.Ed.2d 255 (1985). Regardless of whether Rule 28 applies, we think there are material issues of fact whether appellee received notice of this lawsuit and whether it was misled or disadvantaged by its subsequent inclusion.

In their third and fourth points of error, appellants claim the trial court erred in failing to deny appellee's Motion for Summary Judgment under principles of equity enunciated in *Hilland* and under the theory of alter ego.

Generally, a movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Furthermore, in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and every reasonable inference is indulged in favor of the non-movant. *Id.*

When a defendant moves for summary judgment on the basis of an affirmative defense such as limitations, the movant must conclusively prove all elements of the defense as a matter of law, leaving no genuine issue of material fact remaining. The movant has the burden of establishing limitations as a matter of law. Once the movant establishes a right to a summary judgment, the non-movant in his response must expressly present any reasons seeking to avoid the movant's entitlement, and such reasons must be supported by summary judgment proof to establish a fact issue. If the non-movant responds with proof of a basis for "tolling" the statute, the movant then has the burden to negate as a matter of law, why the statute should not be tolled. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435–436 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

The *Hilland* rule provides, that when the proper defendant is not named until after the statute has run, limitations will not bar the suit against the proper defendant, so long as the latter is cognizant of the facts, is not misled, and is not placed at a disadvantage in obtaining the relevant evidence necessary for its defense. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 433 (Tex.App. —Austin 1987, writ ref'd n.r.e.), citing *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975).

In *Hilland,* the plaintiff was injured getting off a bus marked *Continental Trailways.* "Continental Trailways" was a trade name used by 26 or 27 separate bus corporations. The plaintiff brought suit against Continental Trailways, Inc. within the statute of limitations. Continental Trailways, Inc. never owned equipment, busses or terminals, or transported passengers, at any relevant time. After the expiration of the limitations period, the plaintiff sued the correct defendant, Continental Southern Lines, Inc. The Texas Supreme Court stated the primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so the opposite party has a fair opportunity to

defend while witnesses are available and the evidence is fresh in their minds. *Enserch Corporation v. Parker,* 794 S.W.2d 2, 5 (Tex.1990) (citing *Hilland* at 831). Since the original holding in *Hilland,* the Court has implied an additional requirement that a business relationship must exist between the erroneously named defendant and the correct defendant. *Enserch Corporation v. Parker,* 794 S.W.2d at 6, citing *Matthews Trucking Co. v. Smith,* 682 S.W.2d 237 (Tex.1985)).

Although appellee's initial motion established limitations as a matter of law, appellants likewise satisfied their burden to adduce summary judgment proof raising a fact issue in avoidance of limitations. Appellants' summary judgment proof clearly established a business relationship between the two corporations sued by appellants.

HCA indirectly owns 100% of the stock of Health Services and Health Services is covered under HCA's hospital liability policy. HCA and Health Services have the same registered agent for service and have several overlapping officers and directors. For example, the Chairman of the Board and CEO of HCA, is also the President of Health Services, and two directors of Health Services are also officers of HCA. While Health Services maintains operating offices in Texas, its officers and directors have offices in Nashville, Tenn., where HCA has its corporate headquarters. Health Services also lists the address of HCA's tax department on its corporate tax returns. In addition, Health Services' employees involved in the administration of Tidelands are paid by checks drawn on HCA accounts, receive employee benefits from HCA, and have HCA listed on their W-2 forms. HCA also provides its subsidiaries, including Health Services, with various departmental services for which it charges management or service fees.

Furthermore, Health Services participates in HCA's centralized cash management system under which Health Services' hospitals deposit and withdraw funds daily. The excess cash balances leftover in this "common pool" at the end of each business day are then collectively invested to yield a higher return. Moreover, HCA's subsidiaries, including Health Services, are free to borrow capital from the common pool without the necessity of a loan agreement. In fact, the affidavit of appellants' expert declared that Health Services, as of August 31, 1987, had an intercompany liability to the common pool in excess of $280,740,-120.00. Appellants' expert stated that Health Services' tangible net worth of only $11,092,507.00, along with its total liabilities in excess of $600,951,335.00 and its intercompany debt, made Health Services undercapitalized in light of the nature and risks of its business. He cited a debt to tangible net worth ratio of 54 to 1. He also explained that HCA could bankrupt Health Services simply by foreclosing on its intercompany debt and by refusing to advance further capital. On the other hand, the affidavit of the Vice–President of Acquisitions and Development for HCA concluded that Health Services' capital account of $78,253,663.00 was more than adequate to satisfy any judgement against it. He stated that the ratio of debt to equity had no bearing on the adequacy of capitalization, cash flow or insurance coverage of appellee.

There is clear evidence of a business relationship between HCA and Health Services as set forth by *Hilland* and *Matthews.* 528 S.W.2d 828; 682 S.W.2d 237. The evidence is also sufficient to raise a fact issue as to whether the management and operation of the parent and subsidiary are so assimilated that the subsidiary is simply a name or conduit through which the parent conducts its business. *Wright v. Gifford–Hill & Co., Inc.,* 736 S.W.2d 828, 834–35 (Tex.App.—Waco 1987, writ ref'd n.r.e). In such event, the corporate fiction is disregarded on the theory that the subsidiary is the alter ego of the parent, and suit against the subsidiary is the same as suit against the parent for the purpose of limitations. *Id.* Similarly, suit against the parent is the same as suit against the subsidiary.

The summary judgment evidence further establishes appellee had actual notice of this lawsuit within the limitations period, and therefore, was neither misled nor dis-

advantaged when it was subsequently joined as a defendant. The evidence shows that a copy of the notice of claim dated April 22, 1985, was received four days later by Marty Eberhardt, an Administrative Assistant for Tidelands. Part of Eberhardt's responsibilities included acting as a liaison with the hospital attorneys and investigating potential claims and lawsuits against the hospital. Eberhardt pulled the medical records regarding Mrs. Cummings and forwarded them, along with a copy of the notice of claim, to Susan Kelly of Caronia Corporation (Tidelands' claims representative). On July 5, 1985, Kelly confirmed to appellants her receipt of the notice of claim. When appellants filed their Original Petition on July 2, 1986, service of process was executed upon CT Corporation System as the registered agent for both HCA and appellee. The petition was subsequently received on August 4, 1986 by Bettye Daugherty, who was assistant corporate secretary and corporate secretary for both HCA and Health Services, respectively. Daugherty then forwarded the petition to HCA's counsel. On August 12, 1986, Marty Eberhardt received a copy of correspondence transmitting appellants' Original Petition from Parthenon Insurance Company to HCA's counsel. Parthenon provided the hospital liability coverage for both HCA and appellee.

Appellee claims in its answers to interrogatories it was disadvantaged because it did not obtain counsel until it was made a defendant. Furthermore, appellee says its strategies and defenses were peculiarly within the knowledge of its counsel, who according to appellee, was the only individual who knew what information was relevant to its defense. Appellee offers no evidence why this is so. Given the close business relationship between appellee and HCA, we see no reason why appellee's counsel would not be privy to the information received and the strategies devised by HCA's counsel. Moreover, we do not see how appellee encountered any more difficulty in obtaining witnesses by the fact that it was added as a defendant only 31 days after the limitations period expired. The proof indicates appellee had as much opportunity to prepare a defense as if it had been named in the original petition. *See Enserch Corporation v. Parker*, 794 S.W.2d 2; *Palmer*, 728 S.W.2d at 435.

Finally, appellee argues that prior to the expiration of the statute of limitations, HCA not only filed a verified denial that it did not do business as Tidelands, but it also notified appellants' attorney on two separate occasions of the identity of the true defendant. Appellee complains that appellants should not be allowed to "slumber on their rights." While it is true HCA's counsel so notified appellants' attorney, Dan Lichty, on September 29, 1986 and on October 1, 1986, Lichty was under the erroneous belief that the limitations period expired on August 1, 1986. Lichty also states in his affidavit that HCA's counsel never provided substantiating documentation regarding the proper defendant and never advised him of the date of the running of the statute of limitations. Under *Hilland* and its progeny, when a cause of action is asserted timely, but against the wrong party, the issue is not diligence. Rather, the issue is whether the protection of the limitations statute is equitable under the facts once the correct party is named. *Palmer*, 728 S.W.2d at 434. We hold that it is. Points three and four are sustained.

█ In their fifth point of error, appellants attack the adequacy of appellee's summary judgment evidence with regard to the affidavit of Joseph D. Moore, HCA's Vice–President of Acquisitions and Development. Specifically, appellants contend Moore was an interested witness whose testimony was based solely on opinion.

The affidavit of an authorized officer and corporate representative which is based on personal knowledge, is competent summary judgment proof. *See Har–Con Corp. v. Aetna Casualty & Surety Co.*, 757 S.W.2d 153, 156 (Tex.App.—Houston [1st Dist.] 1988, no writ). Also, a summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. *Republic National Leasing Corp.*

*v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986). The fact that appellee's affidavit was controverted does not render it incompetent. Appellants fifth point of error is overruled. The judgment of the trial court is reversed and the case remanded.