Opinion issued
March 31, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00731-CV

———————————

ELIZABETH
KILPATRICK, Appellant

V.

SANTIAGO vASQUEZ AND
VICTOR MARTINEZ, Appellees



 



 

On Appeal from the 189th District Court 

Harris County, Texas



Trial
Court Case No. 2006–76122

 



 

 

MEMORANDUM OPINION

          This
is a personal injury case arising from an automobile accident. On appeal, plaintiff/appellant,
Elizabeth Kilpatrick, contends in three issues that the trial court erred when
it rendered summary judgment in favor of defendants/appellees, Santiago Vasquez
and Victor Martinez.

          We
affirm.

Factual & Procedural Background

          On
February 16, 2006, Elizabeth Kilpatrick was driving her car on Interstate 45
when she saw a ladder in the middle of the road.  To avoid hitting the ladder, Kilpatrick stopped
on the freeway.  While she was stopped, Kilpatrick
was rear-ended by Victor Martinez, who was driving a van owned by Santiago
Vasquez.  It was later determined that
the ladder belonged to Sonitrol of Houston, Inc.   

          On November
29, 2006, Kilpatrick sued Vasquez for negligently entrusting the van to
Martinez.  She sued Sonitrol for general
negligence alleging that it failed to properly secure its ladder.  

On July 17, 2008, Vasquez
filed a no-evidence and traditional motion for summary judgment.  Among the grounds asserted, Vasquez contended
that Kilpatrick could present no evidence showing that Martinez was an incompetent
or reckless driver, an essential element of a negligent entrustment claim.  Vasquez also offered a copy of the police report,
which indicated that Martinez had a valid driver’s license.  Vasquez argued that, under Texas law, a
person holding a valid driver’s license is presumed to be a competent
driver.  Vasquez asserted that he had no
duty to inquire into Marinez’s driving history.  

In her response, filed on
August 29, 2008, Kilpatrick retorted that Vasquez had a duty to inquire into
Martinez’s driving history.  Kilpatrick
also pointed out that Martinez was 22 years old at the time of the
accident.  She claimed, “[C]ommon sense
and statistics reveal that younger drivers are known to be involved in more
motor vehicle accidents.”  

Kilpatrick attached an
excerpt from Vasquez’s deposition to her response.  She pointed to Vasquez’s testimony in which
he stated that, before the accident, he had never permitted Martinez to drive
his van, even though he and Martinez are related to one another and had worked
together for several years.  She noted
that Vasquez testified that he had permitted other family members to drive his
van but not Martinez.  Kilpatrick posited
that such testimony indicated that Vasquez should have taken steps to determine
Martinez’s driving abilities before allowing him to drive the van.  

On September 8, 2008,
Kilpatrick filed her third amended petition in which she named Martinez as a
defendant for the first time.  She alleged
that Martinez was negligent in operating the van when he hit her vehicle on the
freeway.  

On October 24, 2008, the
trial court granted Vasquez’s motion for summary judgment.  The court signed an order indicating that
Kilpatrick should take nothing from Vasquez.[1]  

On November 5, 2008,
Martinez filed a motion for summary judgment.  Martinez pointed out that Kilpatrick’s
personal injury claims were governed by a two-year limitations period.  The accident had occurred on February 16, 2006,
and Kilpatrick had not joined Martinez until September 8, 2008.  As a result, Martinez argued that Kilpatrick’s
claims against him were barred by limitations. 


Kilpatrick responded to
Martinez’s motion for summary judgment by asserting that the limitations period
should be equitably tolled.  She claimed
that Vasquez had led her to believe that he was the responsible party.  Kilpatrick alleged that Vasquez did not
assert that Martinez was the responsible party until after limitations had run.  Kilpatrick also asserted that Martinez had not
been misled, disadvantaged, or prejudiced by her failure to name him as a
defendant because he had actual knowledge of the lawsuit.  

Kilpatrick filed her fifth amended
petition on November 23, 2008.  Even
though the trial court had already granted summary judgment in favor of
Vasquez, Kilpatrick re-asserted her earlier claim against him for negligent
entrustment and added a new negligence claim against Vasquez based on
respondeat superior.  Kilpatrick alleged
that Martinez was Vasquez’s employee and had been acting in the scope of his
employment at the time of the accident. 

Vasquez filed a “motion to dismiss”
on February 24, 2009.  In the motion,
Vasquez asserted that Kilpatrick was not entitled to assert her new claim
against him based on respondeat superior. 
Vasquez pointed out that summary judgment had been rendered in his favor
on October 24, 2008.  He asserted that,
as a result, Kilpatrick was precluded from asserting new claims against him,
such as those raised in Kilpatrick’s fifth amended petition filed on November
23, 2008.

On May 7, 2009, the trial court
signed an order, which provided, “While the Court believes Vasquez has
previously been dismissed form this case, the Court having considered the
Motion [to dismiss] finds that it should be granted.”  The order continues, “It is, therefore,
ORDERED, that all new claims, if any, asserted against Vasquez in any pleading
filed by Plaintiff after October 24, 2008 are dismissed with prejudice.”  Also, on May 7, 2009, the trial court signed
an order granting Martinez’s motion for summary judgment and ordering that
Kilpatrick take nothing from Martinez.  Because
the trial court had earlier signed an “Order of Non-suit with Prejudice” with
regard to Kilpatrick’s claims against Sonitrol, all claims between the parties were
resolved at that point.

This appeal followed.  In three issues, Kilpatrick contends that the
trial court erred in granting Vasquez’s and Martinez’s motions for summary
judgment and erred in granting Vasquez’s motion to dismiss.  

Vasquez’s Summary Judgment

In her first issue, Kilpatrick
contends that the trial court erred in granting summary judgment in favor of
Vasquez.

A.      Standard of Review: No-Evidence Motion for
Summary Judgment[2]

We review summary judgments de
novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  After an adequate time for discovery, the
party without the burden of proof may move for a no-evidence summary judgment on
the basis that there is no evidence to support an essential element of the
non-moving party’s claim.  Tex. R. Civ. P. 166a(i); see Hamilton v. Wilson, 249 S.W.3d 425,
426 (Tex. 2008).  Summary judgment must
be granted unless the non-movant produces competent summary judgment evidence
raising a genuine issue of material fact on the challenged elements.  Tex. R.
Civ. P. 166a(i); Hamilton, 249
S.W.3d at 426.  A non-moving party is
“not required to marshal its proof; its response need only point out evidence
that raises a fact issue on the challenged elements.”  Tex. R.
Civ. P. 166a (Notes & Comments 1997).

A no-evidence summary judgment
motion is essentially a motion for a pretrial directed verdict.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581–82 (Tex. 2006).  Accordingly, we apply the same
legal-sufficiency standard of review that we apply when reviewing a directed
verdict.  City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  Applying that standard, a no-evidence point
will be sustained when (1) there is a complete absence of evidence of a vital
fact, (2) the court is barred by rules of law or evidence from giving weight to
the only evidence offered to prove a vital fact, (3) the evidence offered to
prove a vital fact is no more than a mere scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); see City of Keller, 168 S.W.3d at 810.

We review a no-evidence summary
judgment for evidence that would enable reasonable and fair-minded jurors to
differ in their conclusions.  Hamilton, 249 S.W.3d at 426 (citing City of Keller, 168 S.W.3d at 822).  In so doing, we view the summary judgment
evidence in the light most favorable to the party against whom summary judgment
was rendered, crediting evidence favorable to that party if reasonable jurors
could, and disregarding contrary evidence unless reasonable jurors could not.  See Mack
Trucks, 206 S.W.3d at 582; City of
Keller, 168 S.W.3d at 822.

B.      Analysis: No Evidence to Support Knowledge
Element

At the time Vasquez filed his
motion for summary judgment, Kilpatrick had asserted only a claim for negligent
entrustment against him.  The parties
agree that a plaintiff must prove the following elements to establish negligent
entrustment of an automobile: (1) the owner entrusted the automobile, (2) to a
person who was an incompetent or reckless driver, (3) who the owner knew or
should have known was incompetent or reckless, (4) the driver was negligent, and
(5) the driver’s negligence proximately caused the accident and the plaintiff’s
injuries.  See Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 758
(Tex. 2007).  

Among his no-evidence challenges,
Vasquez asserted that there was no evidence to show that he knew or should have
known that Martinez was an incompetent or reckless driver.  In her appellate brief, Kilpatrick contends
that Vasquez should have known that Marinez was an incompetent driver because
he had previously received two speeding tickets.  To support this assertion, Kilpatrick has
attached an excerpt from Martinez’s deposition in which he admitted that he had
previously received two speeding tickets. 
Kilpatrick, however, did not attach the deposition excerpt to her
response to Vasquez’s motion for summary judgment.  As a result, the deposition testimony did not
satisfy Kilpatrick’s summary-judgment burden to produce competent summary
judgment evidence raising a genuine issue of material fact on the challenged
element.  See Tex. R. Civ. P.
166a(i); Hamilton, 249 S.W.3d at 426.  Moreover, we cannot consider evidence that is
only attached to briefs.  See Reeves v. Houston Lighting & Power
Co., 4 S.W.3d 374, 378 (Tex. App.—Houston
[1st Dist.] 1999, pet. denied).

Kilpatrick also relies on the
deposition testimony of Vasquez, which Kilpatrick offered in response to the
no-evidence motion for summary judgment. 
She points out that Vasquez testified that he had never allowed Martinez
to drive his van before the accident, even though he had known and worked with
Martinez for several years.  She also
points to Vasquez’s testimony that he had allowed other family members to drive
his van but not Martinez, who is the nephew of Vasquez’s wife.  

Kilpatrick appears to rely on the
testimony for the proposition that Vasquez had a duty to inquire into
Martinez’s driving history before permitting him to drive the van.  Kilpatrick also asserts that Vasquez should
have inquired into Martinez’s driving history given Martinez’s youth and given
that Martinez planned to drive the van in a major metropolitan area.  Kilpatrick’s arguments, however, do not find
support in the case law.  To the
contrary, courts have concluded that evidence of a driver’s youth or inexperience, without more,
does not permit an inference that the driver lacked judgment or perception or
was otherwise an incompetent driver.  See Robson v. Gilbreath, 267 S.W.3d 401,
405 (Tex. App.—Austin 2008, pet. denied); see
also Aboushadid v. Ward, No. 07-05-00140-CV, 2007 WL 397117, *4–5, (Tex. App.—Amarillo Feb. 5, 2007, no
pet.) (holding that evidence of 16-year-old driver’s inexperience does not
permit inference that she lacked judgment or perception or was otherwise an
incompetent driver to support negligent entrustment claim against her parents).
 Additionally, courts have concluded that
an owner of a vehicle does not have an affirmative duty to investigate the background
of a driver before permitting him to drive the vehicle, when, as in this case,
the record shows and it is undisputed, that the driver had a valid driver’s
license.  See, e.g., Batte v. Hendricks, 137 S.W.3d 790, 791 (Tex. App.—Dallas 2004, pet. denied); Avalos v. Brown Auto. Ctr., Inc., 63
S.W.3d 42, 49 (Tex. App.—San Antonio 2001, no pet.); Bartley v. Budget Rent-A-Car Corp., 919
S.W.2d 747, 752 (Tex. App.—Amarillo 1996, writ denied).
 

We conclude that Kilpatrick did not
meet her summary-judgment burden to produce competent evidence to raise a
genuine issue of material fact regarding whether Vasquez knew or should have
known Martinez was an incompetent or reckless driver.  See Tex. R. Civ. P. 166a(i).  We hold that the trial court did not err in granting
Vasquez’s motion for summary judgment.

We overrule Kilpatrick’s first
issue. 

Martinez’s Motion for Summary Judgment

          In her second
issue, Kilpatrick asserts that the trial court erred by granting Martinez’s traditional
summary judgment motion because he failed to prove, as a matter of law, that
limitations barred Kilpatrick’s negligence claim against him.  

 

 

A.      Legal Principles: Traditional Summary
Judgment and Limitations

A party moving for “traditional”
summary judgment must prove (1) there is no genuine issue as to any material
fact and (2) it is entitled to judgment as a matter of law.  See Tex. R. Civ. P. 166a(c); Little v. Texas Dep’t of Criminal Justice,
148 S.W.3d 374, 381 (Tex. 2004).  In our
review, we take the nonmovant’s competent evidence as true, indulge every
reasonable inference in favor of the nonmovant, and resolve all doubts in favor
of the nonmovant.  Yancy v. United Surgical Partners Int’l, Inc., 236 S.W.3d 778, 782
(Tex. 2007).  

A defendant seeking summary
judgment based on an affirmative defense must establish all elements of the
affirmative defense as a matter of law.  Roark v. Stallworth Oil & Gas, Inc.,
813 S.W.2d 492, 495 (Tex. 1991).  The
statute of limitations is an affirmative defense.  See Tex. R. Civ. P. 94.  If the movant conclusively establishes that
the action is barred by limitations, the non-movant must then adduce summary
judgment proof raising a fact issue in avoidance of the statute of limitations.
 KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  

B.      Kilpatrick’s Negligence Claim is
Time-Barred

          A two-year
statute of limitations applies to Kilpatrick’s personal injury claims.  See Tex. Civ. Prac. & Rem. Code Ann. §
16.003(a) (Vernon Supp. 2010).  In his
motion for summary judgment, Martinez asserted (1) the car accident forming the
basis of Kilpatrick’s personal injury claims occurred on February 16, 2006 and (2)
Martinez was not joined as a defendant until September 8, 2008, more than
two and one-half years after Kilpatrick’s cause of action accrued.  The record supports this, and Kilpatrick does
not dispute that she first jointed Martinez over two years after the
accident.  

          Instead, in
her brief, Kilpatrick intimates that when she sued Vasquez, she mistakenly sued
the “wrong” party and should be permitted to correct the mistake.  Kilpatrick asserts that Martinez would not be
disadvantaged or prejudiced by permitting her to proceed with her claim against
him.  She contends that Martinez was
aware of her suit against Vasquez, which she asserts was timely filed.  In substance, Kilpatrick’s argument is one
for equitable tolling of the limitations period.  

Courts have applied equitable
tolling when the plaintiff sues the wrong defendant, does not name the proper
defendant until after limitations expires, and a “special relationship” exists
between the defendants, such that the added defendant “was aware of the facts,
not misled, and not disadvantaged in preparing a defense.”  Bilinsco
Inc. v. Harris Cnty. Appraisal Dist.,
321 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing Walls v. Travis Cnty., 958 S.W.2d 944, 946 (Tex. App.—Austin 1998, pet.
denied)).  In support of her position,
Kilpatrick cites Cummings v. HCA Health
Services of Texas, Inc., 799 S.W.2d 403 (Tex. App.—Houston [14th Dist.]
1990, no writ).  Cummings is a misidentification case in which the plaintiff
mistakenly sued a business entity with a name similar to that of the correct
entity, which was not timely sued.  Id. at 406.  Cummings
stands for the proposition that a court may toll limitations in a
misidentification case when there are two separate, but related, business entities
that use a similar trade name, and the correct entity had notice of the suit
and was not misled or disadvantaged by the plaintiff’s failure to timely join
it.  Id.
at 406–07; see also Flour Bluff Indep.
Sch. Dist. v. Bass, 133 S.W.3d 272, 274 (Tex. 2004).  

We begin by noting this is not a
misidentification case.  Here, Kilpatrick
does not explain why there would have been any confusion between Vasquez and
Martinez.  They do not have similar names
nor was there confusion regarding who was operating the van at the time of the
accident.  Kilpatrick sued Vasquez for
alleged negligent entrustment of the van to Martinez; she sued Martinez for his
alleged negligent operation of the van.  Kilpatrick
also made no showing to support her claim in the trial court that she had
somehow been misled by the defendants into believing that only Vasquez was a
responsible party.  

In any event, this Court has
previously held that the equitable tolling rule applied in certain
misidentification cases involving related business entities does not extend to
the alleged misidentification of individual defendants.  See Fleener
v. Williams, 62 S.W.3d 284, 286–87 (Tex. App.—Houston [1st Dist.] 2001, no pet.); see also Eggl v. Arien, 209 S.W.3d 318,
319 (Tex. App.—Dallas
2006, pet. denied) (holding equitable tolling doctrine not available when
plaintiff misidentified driver of car as Nazir Arien and failed to join the
appropriate party, Nazir’s son Sheltzad Arien, until after limitation period
expired).  

We conclude Martinez met his
summary-judgment burden to conclusively show that Kilpatrick’s negligence claim
was barred by limitations.[3]  See Tex. R. Civ. P. 166a(c).  Kilpatrick did not adduce summary judgment
proof raising a fact issue in avoidance of the statute of limitations.  Thus, we hold that the trial court did not
err in granting Martinez’s motion for summary judgment.

We overrule Kilpatrick’s second
issue.

Motion to Dismiss Claim Added After Summary
Judgment

In her third issue, Kilpatrick challenges
the trial court’s decision to grant the motion to dismiss filed by
Vasquez.  As discussed, Vasquez filed a
“motion to dismiss” on February 24, 2009, arguing that Kilpatrick was not
entitled to assert a new negligence claim against him in her fifth amended
petition filed on November 28, 2008. 
Vasquez pointed out that, at the time, he had already obtained summary
judgment against Kilpatrick on October 24, 2008.  He asserted that the rendition of summary
judgment in his favor precluded Kilpatrick from asserting any new claims
against him.

The trial court granted the motion
to dismiss in an order providing, “While the Court believes Vasquez has
previously been dismissed form this case, the Court having considered the
Motion [to dismiss] finds that it should be granted.”  The trial court ordered, “It is, therefore,
ORDERED, that all new claims, if any, asserted against Vasquez in any pleading
filed by Plaintiff after October 24, 2008 are dismissed with prejudice.”  

The pivotal question is whether
Kilpatrick was entitled to assert a new claim against Vasquez in her fifth
amended petition given that Vasquez had already obtained summary judgment
against her.  We agree with Vasquez that
she could not.

Kilpatrick asserted a negligence claim
against Vasquez based on respondeat superior only in her fifth amended petition.  Before that time, the only claim that
Kilpatrick had asserted against Vasquez was for negligent entrustment.  Vasquez had obtained summary judgment against
Kilpatrick based on the negligent entrustment claim on October 28, 2008.  Kilpatrick’s fifth amended petition was filed
on November 28, 2008, after the trial court had already granted Vasquez’s
motion for summary judgment.[4]
 

Rule of Civil Procedure 166a(c)
provides that a summary judgment shall be rendered on the “pleadings . . . on
file at the time of the hearing, or filed thereafter and before judgment with
permission of the court . . . .”  Tex. R. Civ. P. 166a(c); see also Automaker, Inc. v. C.C.R.T. Co.,
976 S.W.2d 744, 745 (Tex. App.-—Houston
[1st Dist.] 1998, no pet.).  To file an
amended pleading after the summary-judgment hearing, a non-movant must secure
the trial court’s permission.  Tex. R. Civ. P. 166a(c); see also Automaker, 976 S.W.2d at 745.  A trial court cannot grant a motion to amend
the pleadings once the court renders judgment.  Automaker,
976 S.W.2d at 746.  

Here, Kilpatrick filed her fifth
amended petition after the trial court had granted Vasquez’s motion for summary
judgment.  Her negligence claim based on
respondeat superior was not on file at the time of the summary judgment hearing
and was not filed thereafter “before judgment with permission of the court.”  See Tex.
R. Civ. P. 166a(c).  Rather, Kilpatrick filed
her fifth amended petition after the trial court had signed the order granting
Vasquez’s take-nothing summary judgment. 
Accordingly, we conclude that the trial court did not err in granting Vasquez’s
motion to dismiss.  See Prater v. State Farm Lloyds, 217 S.W.3d 739, 741 (Tex.
App.—Dallas 2007, no pet.) (holding that trial court properly considered
amended petition “a nullity” because it was filed after trial court had signed
order granting take-nothing summary judgment in defendant’s favor); Denman v. Citgo Pipeline Co., 123 S.W.3d
728, 735 (Tex. App.—Texarkana
2003, no pet.) (refusing to consider claims raised in petition filed after
summary judgment granted).

We overrule Kilpatrick’s third
issue.   

Conclusion

          We
affirm the judgment of the trial court.

 

Laura Carter Higley

                                                                   Justice


 

Panel consists of
Justices Jennings, Higley, and Brown.

 











[1]           Kilpatrick filed an interlocutory appeal of the
order, which this Court dismissed for lack of jurisdiction on February 19,
2009.  See Kilpatrick v. Vasquez, No. 01-08-00945-CV, 2009 WL 417918 (Tex.
App.—Houston [1st Dist.] Feb. 19, 2009, no pet.) (mem. op.).





[2]
       As mentioned, Vasquez moved for both a traditional
and no-evidence motion for summary judgment.  When a party moves for both types of summary
judgment, we first review the trial court’s judgment under the no-evidence
standard.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If a non-movant failed to produce evidence to
defeat the no-evidence motion for summary judgment, then we need not analyze
whether the movant’s summary judgment proof satisfied the less stringent
“traditional” burden.  Id.  In addition, when, as here, the order granting
summary judgment does not specify the grounds for the trial court’s ruling, we
must affirm the summary judgment if any of the theories presented to the trial
court, and preserved for appellate review, are meritorious.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).

 





[3]           In their brief, Vasquez and Martinez
point out that on April 10, 2008, the trial court signed an order granting
Sonitrol’s request to designate Martinez as a responsible third party pursuant
to Civil Practice and Remedies Code section 33.004(a).  See Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a)
(Vernon 2008).  If a person is designated
under section 33.004 as a responsible third party, a claimant is not barred by
limitations from seeking to join that person provided that the claimant joins
the person not later than 60 days following the designation.  See id. at
§ 33.004(e).  Vasquez and Martinez
point out that Kilpatrick had until June 10, 2008 to join Martinez under this
rule.  Kilpatrick did not join Martinez
until September 8, 2008.





[4]           Kilpatrick asserts that she had also
asserted a general negligence claim against Vasquez before the trial court
granted summary judgment in Vasquez’s favor. 
She contends that Vasquez’s motion for summary judgment did not address
the general negligence claim.  However, a
review of the record shows that Kilpatrick had filed only a negligent
entrustment claim against Vasquez prior to the trial court’s granting of summary
in favor of Vasquez.  She had not filed a
general negligence claim.