**Affirm and Opinion Filed July 29, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01376-CV**

**TAMARA ROBISON, Appellant**
**V.**
**TEXAS HEALTH RESOURCES, INC. ET AL, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-01101-2010**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Bridges

Appellant Tamara Robison appeals from a summary judgment entered in favor of appellee Texas Health Resources, Inc. d/b/a Texas Health Presbyterian Hospital Allen a/k/a Texas Health Allen ("THR"). In two issues, Robison argues the trial court erred in granting: (1) summary judgment and dismissing Robison's claims due to alleged misidentification and (2) THR's no-evidence motion for summary judgment on Robison's medical malpractice claims. We affirm.

**Background**

On November 5, 2009, Robison filed her medical malpractice lawsuit against THR. On November 24, 2009, THR filed its verified denial, stating:

---

[1] The Hon. Martin Richter, Justice, Assigned

Defendant THR is not liable in the capacity in which it is sued. Specifically, Texas Health Resources does not do business as Texas Health Presbyterian Hospital Allen or Texas Health Allen, is not a hospital as alleged in Plaintiff's Original Petition, is not responsible for the acts or omissions of any agents or employees of Texas Health Presbyterian Hospital Allen and did not provide any of the healthcare at issue in this case.

THR filed its responses to requests for disclosure on July 23, 2010. In those responses, THR disclosed:

Texas Health Resources does not do business as Texas Health Presbyterian Hospital Allen or Texas Health Allen. Texas Health Resources did not provide any of the health care at issue herein, nor did it employ the caregivers that did. The correct name of the hospital is: Texas Health Presbyterian Hospital Allen, f/k/a Presbyterian Hospital of Allen.

On May 11, 2011, THR filed its traditional and no-evidence motions for summary judgment. In those motions, THR alleged it did not provide any care to Robison and, therefore, could not be held liable. THR further argued that, due to the manner in which Robison named the defendants, she failed to sue Texas Health Presbyterian Hospital Allen ("THPHA"), the entity that provided care to Robison.

On June 10, 2011, Robison filed her first amended petition, naming defendants as "Texas Health Resources, Inc. and Texas Health Presbyterian Hospital Allen d/b/a Texas Health Allen." Robison filed her Rule 28 motion on June 13, 2011, requesting the trial court to substitute the already named defendant, "Texas Health Resources, Inc. d/b/a Texas Health Presbyterian Hospital Allen" with "Texas Health Presbyterian Hospital Allen." The record before us does not include a ruling on Robison's Rule 28 motion. However, on July 12, 2011, the trial court granted THR's motion for summary judgment.

Analysis

*Standard of Review*

The standards for reviewing a traditional summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact

–2–

exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* A motion for summary judgment must expressly present the grounds upon which it is made and must stand or fall on those grounds alone. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993); *Espalin v. Children's Med. Ctr. of Dallas,* 27 S.W.3d 675, 688 (Tex. App.—Dallas 2000, no pet.).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX.R. CIV. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills,* 12 S.W.3d at 833. When analyzing no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *Id.*

In the present case, the trial court did not specify the grounds on which THR's summary judgment motion was granted. If a summary judgment order issued by the trial court does not specify the ground or grounds relied upon for a ruling, the ruling will be upheld if any of the grounds in the summary judgment motion can be sustained. *Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex. 1999); *Ortega v. City Nat. Bank,* 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.).

### *Misidentification*

Because it is dispositive of this appeal, we begin with Robison's first issue in which she

argues the trial court erred in granting summary judgment and dismissing Robison's claims due to "alleged misidentification when Robison sued 'd/b/a Texas Health Presbyterian Hospital Allen' and not simply 'Texas Health Presbyterian Hospital Allen.'"

In order to prove a claim of negligence against THR, Robison was required to prove each of the essential elements of the cause of action: (1) a legally cognizable duty requiring conformity to a certain standard of conduct; (2) a failure to conform to the required standard; (3) actual injury; and (4) a reasonably close causal connection between the conduct and the alleged harm. *Drury v. Baptist Mem'l Hosp. Sys.*, 933 S.W.2d 668, 672 (Tex. App.—San Antonio 1996, writ denied); *see also McDole v. San Jacinto Methodist Hosp.,* 886 S.W.2d 357, 359 (Tex. App.—Houston [1st Dist.] 1994, no writ)). In its traditional and no-evidence motions for summary judgment, THR argued, because Robison failed to name the proper party, she failed to prove THR owed or breached a duty to her. THR further argued it, therefore, conclusively negated the allegations that its conduct was the proximate cause of any harm or damages to Robison.

In her brief before this Court, Robison does not refute that THPHA was the entity that provided the care in question. Rather, she argues the trial court erred in granting summary judgment, because her original petition against "d/b/a Texas Health Presbyterian Hospital Allen" constituted actual suit against THPHA. We disagree.

Our sister court has already noted a "d/b/a" designation does not make the entity a party to the lawsuit, but merely indicates "the name of the business which the Defendant was alleged to have been operating." *National Med. Enters. v. Wedman*, 676 S.W.2d 712, 714 (Tex. App.—El Paso 1984, no writ). Furthermore, the evidence in the record before us includes the Certificate of Fact, filed with the Secretary of State by THR, which lists all assumed names used by THR. THPHA is not listed among those names used by THR. Conversely, the Certificate of

–4–

Fact, filed with the Secretary of State by THPHA, does not list THR as an assumed name.

Still, Appellant cites us to the *Cummings* decision for the proposition that identifying THPA as a d/b/a of THR was a proper way to sue THPA. *See Cummings v. HCA Health Serv. of Tex., Inc.*, 799 S.W.2d 403 (Tex. App.—Houston [14th Dist.] 1990, no writ). However, the *Cummings* court stated because the underlying case involved a suit against an assumed name when it was named as a d/b/a, it made no difference that it was sued as an assumed name of a corporate entity rather than sued as an entity, standing alone. *See id.* at 404. We have already noted the record before us reflects THR did not use THPHA as an assumed name. Therefore, we conclude the *Cummings* decision is distinguishable from the case at hand. Furthermore, because THPHA was not an assumed name of THR, rule 28 substitution would have also been improper.[2]

Finally, Robison argues that she has at least raised a fact issue because "as admitted by THR, there is such a closeness to THR and THPA." However, the record does not reflect this alleged admission of closeness. Rather, THR's brief and the evidence within the record demonstrate the opposite.

In its motion for summary judgment, supported by the summary judgment evidence, THR argues "it is a distinct legal entity, separate and apart from THPHA." The record reflects the legal name of the hospital where Robison was treated was "Texas Health Presbyterian Hospital Allen." Nothing in the record shows THPHA has been an assumed name for THR or that THR has been an assumed name for THPHA.

---

[2] In spite of being placed on notice of the proper name by THR through both its verified denial and its responses to Robison's requests for disclosure, Robison requested a rule 28 substitution of parties only after THR's motions for summary judgment were filed. Rule 28 provides that "[a]ny partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted." TEX. R. CIV. P. 28. However, as we have already noted, the evidence does not show THPHA was an assumed name of THR, making rule 28 substitution improper. Furthermore, there is nothing in the record to show the trial court ruled on the rule 28 motion prior to granting summary judgment.

Because Robison failed to name the proper party to the lawsuit, we conclude the trial court correctly granted summary judgment in favor of THR. *See* TEX. R. CIV. P. 166a(c), (i); *Bradley,* 990 S.W.2d at 247. We overrule Robison's first issue and, because THR's first issue is dispositive of the appeal, we need not reach Robison's second issue. We affirm the judgment of the trial court.

111376F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EX PARTE: JESSE P. SKINNER,

No. 05-12-00576-CV

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. X11-1264-K.
Opinion delivered by Justice Bridges.
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant JESSE P. SKINNER.

Judgment entered July 29, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE